ASHLAND OIL, INC., Plaintiff-Appellant, Cross-Appellee,

v.

PHILLIPS PETROLEUM COMPANY, Defendant-Appellee, Cross-Appellant,

and

United States of America, Intervenor-Appellee, Cross-Appellant.

Nos. 79–1009, 79–1096 and 79–1108.

United States Court of Appeals, Tenth Circuit.

Argued July 18, 1979.

Decided Oct. 15, 1979.

Rehearing Denied Nov. 14, 1979.

Gerald Sawatzky, Wichita, Kan. (John M. Imel, Tulsa, Okl., Arloe W. Mayne, Lillian Williams, Ashland, Ky., W. O. Strong, III, Houston, Tex. and of counsel, Foulston, Siefkin, Powers & Eberhardt, Wichita, Kan., Fulbright & Jaworski, Houston, Tex., and Moyers, Martin, Conway, Santee & Imel, Tulsa, Okl., on brief), for plaintiff-appellant, cross-appellee.

Don L. Jemison, Bartlesville, Okl. and L. K. Smith of Boone, Ellison & Smith, Tulsa, Okl. (Kenneth Heady and C. J. Roberts, Bartlesville, Okl., on brief), for defendant-appellee, cross-appellant.

John E. Lindskold, Dept. of Justice, Washington, D. C., for intervenor-appellee, cross-appellant.

Before SETH, Chief Judge, BARRETT and DOYLE, Circuit Judges.

PER CURIAM.

This case was remanded for the development of additional facts relating to and to provide a basis for the valuation of the helium at the wellhead by the use of a work-back method. *See Ashland Oil, Inc. v. Phillips Petroleum Company*, 554 F.2d 381 (10th Cir.). The trial court was to determine a proper starting place and value for such method, the plant cost, return on investment, the costs chargeable to production of liquid hydrocarbons, and related facts.

■ On remand the trial court selected as a starting point the stated value of helium used in the contract between Phillips and the Government. For a brief description of the contract, see 554 F.2d, at 384. This determination by the court was based on the expert testimony relating to pure helium values and other possible starting points for the valuation of helium. A starting place for the work-back method can be at any point in the production—processing—sale chain where a dollar figure can be established by reliable evidence, and which may be demonstrated to be a realistic value. We see no objection to the use of the contract value for this purpose. It was a negotiated figure arrived at by parties dealing at arm's length. There may have been other considerations involved, but on remand these do not appear to have been substantial enough to cast doubt for our purposes on the contract price. This figure was not greatly different from those used in the contracts for other extraction plants.

■ Using this figure the trial court made findings as to plant investment and rate of return. These factual determinations were made after a consideration of the testimony and are supported by the record. The appellant urges that there are factors which should not have been included in the plant cost figure or in the total "capital employed" upon which Phillips was entitled to compute a return. However, again this was a fact-finding element, and the result was supported by the record.

The parties are in essential agreement as to the costs to be allocated to the production of liquid hydrocarbons. The trial court's figure on this element must be accepted.

■ The rate of return is a departure from the figure used at the first trial, but this element was included in the remand and again is supported by the testimony of the several witnesses. It is within the fact-finding function of the district court. On the prior appeal we expressly approved the award of prejudgment interest. This factor was not in the remand and became the law of the case. Thus, as we previously held, plaintiff is entitled to prejudgment interest.

■ The plaintiff urges that postjudgment interest should commence upon the date of the first judgment and not at the end of the remand trial. However, we must hold under 28 U.S.C. § 1961, in view of the extent to which the case was reversed, "the judgment" for the purpose of interest was that entered by the trial court on remand. *See Hysell v. Iowa Public Service Co.*, 559 F.2d 468 (8th Cir.).

The judgment is affirmed as to the three dollar value at wellhead for the helium, but is reversed as to prejudgment interest and remanded for the entry of a judgment to include such interest.