**FEDERAL DEPOSIT INSURANCE COR-PORATION; Deposit Insurance National Bank of Oklahoma City, Oklahoma, Plaintiffs–Appellants,**

v.

**ROCKET OIL COMPANY, Defendant–Appellee.**

No. 86–2821.

United States Court of Appeals, Tenth Circuit.

Jan. 13, 1989.

Charles V. Wheeler of Gable & Gotwals, Tulsa, Okl., for plaintiffs-appellants.

Frank L. Hill of Thompson and Knight, Dallas, Tex. (B.J. Rothbaum, Jr. and Brinda K. White of Linn and Helms, Oklahoma City, Okl., on the brief) for defendant-appellee.

Before MOORE, BARRETT and ALARCON,* Circuit Judges.

PER CURIAM.

The Federal Deposit Insurance Corporation and the Deposit Insurance National Bank of Oklahoma City, Oklahoma, appellants, contest the district court's order denying their claim for prejudgment interest and setting the date for commencement of postjudgment interest as the date the court entered judgment on remand from an appeal to this court. Appellants contend the court abused its discretion in denying prejudgment interest and erred in not granting postjudgment interest from the date of the district court's first judgment which was later reversed. We affirm.

The facts of this case are presented in the previous opinion of this court, *Federal Deposit Ins. Corp. v. McKnight*, 769 F.2d 658 (10th Cir.1985), *cert. denied*, 475 U.S. 1010, 106 S.Ct. 1184, 89 L.Ed.2d 300 (1986). We reiterate only those facts relevant to this appeal. Briefly, on July 1, 1982, Rocket Oil Co., appellee, redeemed a certificate of deposit from Penn Square Bank and accepted in exchange a bank cashier's check in the amount of $1,480,273.98. The check was deposited in Rocket Oil's own bank for collection, but before it was presented for payment, Penn Square was declared insolvent by the Comptroller of the Currency of the United States on July 5, 1982. The FDIC, the appointed receiver,

---

* The Honorable Arthur L. Alarcon, Circuit Judge, United States Court of Appeals for the Ninth Circuit, sitting by designation.

immediately organized the Deposit Insurance National Bank (DINB), a new bank, to make payments of designated funds to insured parties pursuant to 12 U.S.C. § 1821 (1982). Through the mistake of the DINB and the FDIC, instead of receiving the $100,000 as authorized under § 1821, Rocket Oil received the entire amount of its cashier's check presented to Penn Square Bank.

The FDIC, after discovering its error, sued for restitution in the amount of $1,380,273.98. The district court determined that, although the FDIC made a prima facie case for restitution, the final payment rule of the Uniform Commercial Code barred its recovery. In reversing the lower court's opinion, this court held Penn Square's underlying insolvency dictated that the National Bank Act, which provides for liquidation of a national bank, took precedence over the U.C.C. Under this Act, Rocket Oil became a creditor of the insolvent bank because the cashier's checks were not presented until after the bank was declared insolvent. This court reversed and remanded the case with direction to enter judgment in favor of the FDIC. The opinion gave no instruction about interest.

After remand, the FDIC moved the district court for entry of judgment and requested prejudgment and postjudgment interest from the date of the district court's original order. The district court denied prejudgment interest based on its equitable consideration of the circumstances of the case. Postjudgment interest was awarded from the entry of judgment on remand pursuant to the court's interpretation of the Tenth Circuit case law.

■■■■ The issue of interest in a federal question case is governed by federal law. The general rule under federal law for awarding prejudgment interest is that "interest is not recovered according to a rigid theory of compensation for money withheld, but is given in response to considerations of fairness. It is denied when its exaction would be inequitable." *Board of Comm'rs of Jackson County v. United States*, 308 U.S. 343, 352, 60 S.Ct. 285, 289, 84 L.Ed. 313 (1939); *see also Blau v. Lehman*, 368 U.S. 403, 414, 82 S.Ct. 451, 457, 7 L.Ed.2d 403 (1962); *Brock v. Richardson*, 812 F.2d 121, 126 (3d Cir.1987). In absence of a statutory provision to the contrary, the district court has broad discretion in deciding whether to grant prejudgment interest. *Ambromovage v. United Mine Workers of Am.*, 726 F.2d 972, 982 (3d Cir.1984); *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988, 990 (6th Cir.1982). The district court in this case held that "under the instant circumstances equity does not demand an award of prejudgment interest to plaintiffs." This court must uphold the lower court's determination on prejudgment interest unless it finds an abuse of discretion.[1] *Royal Indem. Co. v. United States*, 313 U.S. 289, 61 S.Ct. 995, 85 L.Ed. 1361 (1941); *Northern Natural Gas Co. v. Grounds*, 666 F.2d 1279, 1290 (10th Cir.1981), *cert. denied*, 457 U.S. 1126, 102 S.Ct. 2947, 73 L.Ed.2d 1342 (1982).

■■■■ The FDIC argues that prejudgment interest should be awarded in restitution cases unless there are exceptional circumstances which justify denial. Although other circuits have applied this rule under certain circumstances,[2] this court declines

---

1. Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances. *United States v. Ortiz*, 804 F.2d 1161, 1164 n. 2 (10th Cir.1986).

2. Appellants cite several cases that have followed this rule. Many of these cases concern state law claims involving breach of contract or wrongful acts giving rise to tort claims. *E.g., In re First Penn Corp.*, 793 F.2d 270 (10th Cir.1986) (construing Oklahoma law); *Stroh Container*

*Co. v. Delphi Indus., Inc.*, 783 F.2d 743, 752 (8th Cir.), *cert. denied*, 476 U.S. 1141, 106 S.Ct. 2249, 90 L.Ed.2d 695 (1986) (granting interest on a breach of contract claim); *Cargill, Inc. v. Taylor Towing Serv., Inc.*, 642 F.2d 239 (8th Cir.1981) (granting interest on damages from accident caused by defendant's negligence). Other cases cited involve actions brought under federal statutes providing for damages of a remedial nature. *E.g., Lodges 743 & 1746 v. United Aircraft Corp.*, 534 F.2d 422 (2d Cir.1975), *cert. denied*, 429 U.S. 825, 97 S.Ct. 79, 50 L.Ed.2d 87 (1976) (construing the National Labor Relations Act); *Hodgson v. American Can Co.*, 440 F.2d 916, 922

to limit the district court's discretion in this case. The congressional purpose in enacting the National Bank Act was to equitably distribute the assets of the insolvent bank. *Jennings v. United States Fidelity & Guar. Co.,* 294 U.S. 216, 226, 55 S.Ct. 394, 398, 79 L.Ed. 869 (1935); *Smith v. Baldwin,* 69 F.2d 390, 392 (D.C.Cir.1934). Clearly, Congress did not intend to create a compensatory remedy.[3] As such, obligations created under the National Bank Act do not compel an award of interest.

In addition, this case presents a unique situation because the obligation imposed on Rocket Oil to repay the funds was not created by its own voluntary act in either forming a contract or committing a tort. Instead, Rocket Oil's obligation to pay is a result of the law's attempt to equitably distribute the loss caused by a bank's insolvency among the injured parties. As this court stated, "[d]espite their good faith and the origin of the funds, the defendants have been cast by law into the role of creditors, and as such they must be treated in a circumscribed fashion." *FDIC v. McKnight,* 769 F.2d at 661. The legal consequences of the National Bank Act do not invoke the same considerations of full compensation as do cases based on common law obligations or federal law which provides for damage remedies. Considering the circumstances surrounding an insolvent bank, involving many victims who each possess a legitimate claim to the property of the bank, the district court did not make a clear error of judgment in deciding that the equities of the case do not warrant an award of prejudgment interest. We therefore conclude that the denial of interest was not so unfair or inequitable as to amount to an abuse of discretion.

■ The second contention on appeal is that the district court erred in awarding postjudgment interest from the date the judgment was entered on remand rather than from the date of the original erroneous judgment. This court addressed this issue in *Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d 335, 336 (10th Cir. 1979), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980), where we stated,

> The plaintiff urges that postjudgment interest should commence upon the date of the first judgment and not at the end of the remand trial. However, we must hold under 28 U.S.C. § 1961, in view of the extent to which the case was reversed, 'the judgment' for the purpose of interest was that entered by the trial court on remand.

Relying on *Ashland,* the district court found, due to the extent of the reversal in this case, that postjudgment interest should commence on the date of the remand judgment. We agree.

In the recent case *Northern Natural Gas Co. v. Hegler,* 818 F.2d 730 (10th Cir. 1987), *cert. dismissed,* ⸺ U.S. ⸺, 109 S.Ct. 7, ⸺ L.Ed.2d ⸺ (1988), this court focused on the *Ashland* language "the extent to which the case was reversed" as determinative of when postjudgment interest should commence. This court concluded that the reversal in that case "was not on any basic liability errors or errors in procedure which affected the basic issues but only on a dollar value, a matter of degree." *Id.* at 737. The court, therefore, held that the postjudgment interest should commence on the initial entry by the trial court.

In the present case, this court completely reversed the district court's determination of liability and substantive rights of the parties changing the determinative judgment for purposes of postjudgment interest. From the clear reasoning of *Northern Natural Gas,* the district court correctly

---

(8th Cir.1971) (construing the Fair Labor Standards Act); *see also West Virginia v. United States,* 479 U.S. 305 (1987) (reimbursement claims under the Disaster Relief Act include right to prejudgment damages because underlying claim was contractual obligation to pay money).

**3.** "In the absence of an unequivocal prohibition of interest, and where the statute imposes a money obligation, the power of the court to award interest is dependent on an appraisal of the congressional purpose of imposing the obligation and on the relative equities of the parties." *Rodgers v. United States,* 332 U.S. 371, 373, 68 S.Ct. 5, 6–7, 92 L.Ed. 3 (1947).

**1162**

held that the final judgment for granting postjudgment interest under 28 U.S.C. § 1961 was the judgment entered on remand.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.