**William CORDERO, et al.,**
**Plaintiffs, Appellees,**

v.

**Juan De JESUS–MENDEZ, etc., et al.,**
**Defendants, Appellants.**

**No. 90–1364.**

United States Court of Appeals,
First Circuit.

Heard Sept. 13, 1990.

Decided Dec. 18, 1990.

Paul B. Smith, Hato Rey, P.R., with whom Hector Rivera Cruz, Bayamon, P.R., Secretary of Justice, for the Com. of Puerto Rico, Jorge A. Perez–Diaz, Sol. Gen. of Puerto Rico, Vanessa Ramirez, Asst. Sol. Gen., and Manuel Alvarado of Saldana, Rey & Alvarado, Hato Rey, P.R., were on brief, for defendants, appellants.

Israel Roldan Gonzalez, Aguadilla, P.R., for plaintiffs, appellees.

Before SELYA, Circuit Judge, COFFIN, Senior Circuit Judge, and BOWNES, Senior Circuit Judge.

BOWNES, Senior Circuit Judge.

This is the second appeal in this § 1983 action for the political firing of a number of employees of the Municipality of Moca, in the Commonwealth of Puerto Rico. Pursuant to our decision on the first appeal, the case was remanded for a new trial on damages. *Cordero v. De Jesus–Mendez,* 867 F.2d 1 (1st Cir.1989). The second trial was held. The issues now before us involve the addition of prejudgment interest by the district court to the jury's verdicts of compensatory damages, post-judgment interest, attorney's fees and interest on attorney's fees.

## I. PREJUDGMENT INTEREST

■ There can be no doubt that in this circuit the decision to award prejudgment interest in a federal question case lies within the sole province and discretion of the jury. *Carey v. Bahama Cruise Lines,* 864 F.2d 201, 208 n. 6 (1st Cir.1988); *Robinson v. Watts Detective Agency, Inc.,* 685 F.2d 729, 741–42 (1st Cir.1982), *cert. denied,* 459 U.S. 1105, 1204, 103 S.Ct. 728, 1191, 74 L.Ed.2d 953, 75 L.Ed.2d 436 (1983); *Furtado v. Bishop,* 604 F.2d 80, 98 (1st Cir.1979), *cert. denied,* 444 U.S. 1035, 100 S.Ct. 710, 62 L.Ed.2d 672 (1980); *Robinson v. Pocahontas, Inc.,* 477 F.2d 1048, 1052–53 (1st Cir.1973).

■ We pointed out in *Furtado v. Bishop* that in an action brought under 42 U.S.C. § 1983, the issue of prejudgment interest is so closely allied with the issue of damages that federal law dictates that the jury should decide whether to assess it. 604 F.2d at 97–98.

■ As a necessary corollary to this rule we have held that where a plaintiff does not request prejudgment interest from the jury, "[h]e [is] therefore barred from subsequently seeking it from the judge." *Kolb v. Goldring, Inc.,* 694 F.2d 869, 875 (1st Cir.1982). *See also Segal v. Gilbert Color Systems, Inc.,* 746 F.2d 78, 83–84 (1st Cir.1984).

■ Plaintiffs do not challenge the governing law. They seek to avoid it on the ground that we have no appellate jurisdiction because of defendants' failure to file a timely appeal. In order to understand this contention, we must track the paper trail of motions and orders on prejudgment interest. The first motion by plaintiffs for prejudgment interest was filed on October 8, 1986, the day after the judgment was entered after the first trial. Plaintiffs did not request at any time prior to the submission of the case to the jury that the jury be instructed to determine whether to add prejudgment interest to any award of compensatory damages it might return. On October 24, 1986, the court ruled on the motion by stating, "interests are regulated by law, not by Jgmt." There was no objection by defendants either to the motion or the court's order. On November 5, plaintiffs moved that the court reconsider its order of October 24. The court did so on March 12, 1987; it granted plaintiffs' motion for prejudgment interest. No rate or amount was specified. No objection was filed by defendants. Defendants then appealed from the judgments entered after the first trial. The question of prejudgment interest was not raised on appeal by defendants.

Our paper trail continues after the second trial; judgment on the second verdict was entered on April 14, 1989. On August 18, 1989, plaintiffs moved to fix the rate of prejudgment interest. There was no objection by defendants. On September 13, the district court made the following order: "The rate will be computed on the basis of the applicable Dept. of Treasury T. Bill rate Tables effective the date the judgment became final. The disposition uses the post judgment rate as a· proper indicator for prejudgment interest." No objection was filed by defendants. On February 14, 1990, the court issued an order which stated in pertinent part:

The compensatory-damage award of April 14, 1989 is $307,239.31. The T–Bill interest rate of 9.51% to compute pre and post-judgment interest is correct. The

use of the entire award sum, from the date the complaint was filed, April 15, 1985, to the date when the deposit of the balance of the compensatory-damage award was made by defendants, May 3, 1989, with a total of $118,634.10 of pre and post-judgment interest, is correct.

On February 23 defendants moved under Fed.R.Civ.P. 59(e) [1] to amend the prejudgment interest order on the ground that it was contrary to circuit law. The court denied the motion on March 12, stating: "Be mindful of the fact that we closely followed your own admitted calculations as a bases [sic] for our ruling (letter of Jan. 18, 1990), dkt. # 251." [2]

On April 11, 1990, defendants filed a notice of appeal.

Plaintiffs' contention that we lack appellate jurisdiction on the issue of prejudgment interest is based on a simple premise. The district court granted plaintiffs' motion for prejudgment interest on March 12, 1987. Defendants neither objected to the court's order granting the motion nor raised it as an issue on the first appeal. Ergo, the order stands and defendants' present appeal is time-barred under Fed.R. App.P. 4(a)(1) which requires that the notice of appeal be filed "within 30 days after the date of entry of the judgment or order appealed from." Plaintiffs, most generously, are willing to construe the Rule 59(e) motion brought on February 23, 1990, objecting to the determination of prejudgment interest as a Rule 60(b) motion. But they insist that even under the one-year period allowed for bringing such a motion, the time for filing had expired because it is March 12, 1987, the date of the order allowing prejudgment interest, that controls.

We reject plaintiffs' contention for both procedural and substantive reasons. We first point out that because we remanded in the first appeal for a new trial on damages, any prior order on prejudgment interest was wiped out. It was the second trial on damages that controlled any issues affecting the amount of damages. Secondly, there was no determination of the amount of prejudgment interest until the court order of February 14, 1990. [3] Defendants' Rule 59(e) motion objecting to the prejudgment interest was filed on February 23, within the ten-day requirement of the rule. The order denying the motion was entered on March 12; defendants' notice of appeal was filed on April 11, within the 30–day appeal period. The appeal was timely filed, and we have jurisdiction to hear it.

■ The substantive obstacle to an award of prejudgment interest is insurmountable. Plaintiffs did not, in either trial, request that the question of prejudgment interest be submitted to the jury; nor did they ask for a jury instruction on it. *Furtado v. Bishop*, 604 F.2d at 98, is directly on point: "But the question of prejudgment interest was not submitted to the jury, nor did plaintiffs ask that the jury be instructed on it. Consequently, the award of prejudgment interest must be stricken."

■ Although not explicitly raised as an issue, plaintiffs have intimated that defendants' failure to object to the motions and orders on prejudgment interest and defense counsel's letter of January 18, 1990, to plaintiffs' counsel agreeing to the rate of prejudgment interest constituted a waiver of the rule requiring the jury to decide whether prejudgment interest should be added to its award of damages. This over-

---

1. Fed.R.Civ.P. 59(e) states: "A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

2. The letter referred to in the order was from defense counsel to plaintiffs' counsel dated January 18, 1990. It stated in pertinent part:

C. Compensatory damages awarded in the April 14, 1989 judgment.

The sum of $307,239.31 as compensatory damages is correct. Likewise the T–Bill interest rate of 9.51% to compute pre and post judgment interest.

3. "The general rule is that a judgment becomes final and appealable when the court enters a decision resolving the contested matter, leaving nothing to be done except execution of the judgment. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945)." *United States v. Metropolitan Dist. Comm'n*, 847 F.2d 12, 14 (1st Cir.1988).

looks the fact that plaintiffs themselves irrevocably waived any right they might have had to prejudgment interest by not asking, in either trial, prior to submission of the case to the jury, that the jury consider it. That is what the law commands in this circuit. Unless the court is requested by counsel to instruct the jury on prejudgment interest, it is not a factor in the case. Neither defendants' silence nor the letter of January 18, 1990, could give plaintiffs the right to something that did not exist. The award of prejudgment interest must be stricken.

We are troubled by the conduct of both counsel in regard to this matter. A busy trial judge must rely on counsel to present the law, as well as the facts, accurately. That is the essence of our adversary system of justice. Trial judges simply do not have the time to research the law on every issue in a case, particularly in a lengthy, complex trial such as this one, which presented a plethora of legal questions. Plaintiffs' counsel filed a motion for prejudgment interest that, although not explicitly so stating, suggested that this was a matter for the judge's sole determination. Defendants did not object to it. The district court, therefore, probably assumed that it had the right to add prejudgment interest to the damages awards. Somewhere along the line, defense counsel should have informed the judge what the law in this circuit was on prejudgment interest in a civil rights action. At the very least, the matter should have been noted by defense counsel in the course of the first appeal. Nor is plaintiffs' counsel free from blame. He should have known what the law on prejudgment interest was prior to the first trial. He could not properly continue to press for prejudgment interest from the judge, hoping that defendants would continue to remain asleep on the issue until after the time for appeal had expired. Lawyers not only have a duty to their clients; they are officers of the court. The court should be able to rely on them to state accurately what the controlling law is on the issues in a case, especially where, as here, the law is clear and decisive.

## II. POST–JUDGMENT INTEREST

The parties do not dispute that post-judgment interest on the damages award is mandatory. 28 U.S.C. § 1961(a) states, in relevant part:

Interest shall be allowed on any money judgment in a civil case recovered in a district court.

Appellees are entitled to post-judgment interest even though interest was not mentioned in the district court's judgment. *United States v. Michael Schiavone & Sons, Inc.*, 450 F.2d 875, 876 (1st Cir.1971); *Moore–McCormack Lines, Inc. v. Amirault*, 202 F.2d 893, 895 (1st Cir.1953).

The parties disagree on the date from which post-judgment interest should accrue and whether appellants' deposits with the district court in partial payment of the judgment should be excluded from the principal when calculating post-judgment interest.

On October 7, 1986, the district court entered a judgment for the plaintiffs of $616,787 in compensatory damages, including back pay and $100 per plaintiff ($3000) in punitive damages. On November 3, 1987, appellants deposited $23,783 with the district court in partial satisfaction of the judgment. The next day, Mayor De Jesus–Mendez was incarcerated for contempt of court. On November 6, 1987, appellants deposited $212,803.23 with the court to procure the Mayor's release.

At this point, appellants' $236,586.23 deposit sat idle. Although appellees had convinced the district court that they urgently needed their back pay, appellees did not ask the court to disburse or invest the sum. The money was neither disbursed nor deposited in an interest-bearing account.

On appeal, we vacated the damages award of $616,787 and remanded the case for a new trial on damages. *Cordero v. De Jesus–Mendez*, 867 F.2d 1. We remanded the damages award in large part due to our concern that the district judge's erroneous jury instructions may have led the jury to

award duplicative damages.[4] We did not disturb the original finding of liability.

At the second trial, the jury awarded a compensatory damages award of $307,239.31, approximately half the original award. The district court upheld the previous punitive damages award of $100 per plaintiff. Judgment was entered on April 14, 1989.

On May 3, 1989, appellants deposited with the district court $70,653.08, the difference between the recomputed compensatory damages award and the sums on deposit with the district court. Appellees moved for disbursement of the funds on May 9, 1989; and on August 1, 1989, the court ordered that the $307,239.31 be disbursed to appellees.

On February 14, 1990, the district court announced a modified punitive damages award of $2,800 and ordered appellants to pay interest on the compensatory damages award ($307,239.31) accruing from April 15, 1985, the date the complaint in this case was filed, to May 3, 1989, the date appellants paid the balance of the compensatory damages award.

This ruling was incorrect. Appellees are not entitled to prejudgment interest; they are entitled to post-judgment interest accruing from the date of final judgment to the date of payment. Furthermore, the district court erroneously failed to exclude the deposits made in the district court from the sum on which post-judgment interest should accrue.

### a. Date of Interest Accrual

Post-judgment interest on the jury's award should be calculated "from the date of the entry of the judgment." 28 U.S.C. § 1961(a) (1988). Rule 37 of the Federal Rules of Appellate Procedure requires that:

> Unless otherwise provided by law, if a judgment for money in a civil case is affirmed, whatever interest is allowed by law shall be payable from the date the judgment was entered in the district court. If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to allowance of interest.

These seemingly straightforward provisions have engendered much litigation over which judgment, the first or the second, begins interest accrual where a first judgment is modified or vacated on appeal. In general, where a first judgment lacks an evidentiary or legal basis, post-judgment interest accrues from the date of the second judgment; where the original judgment is basically sound but is modified on remand, post-judgment interest accrues from the date of the first judgment.

The Supreme Court recently held that where a first judgment lacked a legal basis and a second trial was necessary for the introduction of evidence on damages, post-judgment interest should accrue from the date of the second judgment:

> [w]here the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment. See *FDIC v. Rocket Oil Co.*, 865 F.2d 1158 (CA10 1989) (postjudgment interest

---

**4.** After the first trial, the jury awarded compensatory and punitive damages to the individual plaintiffs. The district court then ordered that the plaintiffs be reinstated to their positions with back pay. We found that the award of back pay was erroneous for two reasons:

> One, the jury should have been instructed that back pay was a factor to be taken into consideration in determining compensatory damages. Two, because the jury was not instructed to disregard the extensive evidence of the plaintiffs' salaries and pay scales which had been admitted at trial, it may well have used

this evidence in computing compensatory damages, resulting in duplicative damages.... This omission was compounded by an instruction ... that, in considering compensatory damages, the jury was not limited to those items of damages enumerated by the court but that it should consider "all matters in evidence." The jury, therefore, could have construed this as a command to consider the evidence of back pay in determining compensatory damages.

*Cordero v. De Jesus-Mendez*, 867 F.2d at 6–7.

may not be calculated from judgment that was completely reversed).

*Kaiser Alum. & Chem. Corp. v. Bonjorno,* — U.S. ——, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990). The case upon which the Supreme Court relied in *Kaiser, FDIC v. Rocket Oil Co.,* 865 F.2d 1158 (10th Cir.1989), also involved a first judgment which lacked a legal basis. In *FDIC* the Tenth Circuit "completely reversed the district court's determination of liability and substantive rights of the parties changing the determinative judgment for purposes of postjudgment interest." *Id.* at 1161. Similarly, the Tenth Circuit, in *Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d 335 (10th Cir.1979), *cert. denied,* 446 U.S. 936, 100 S.Ct. 2153, 64 L.Ed.2d 788 (1980), allowed post-judgment interest to accrue from the date of the second judgment where the case was remanded for the development of additional facts. The court found that "in view of the extent to which the case was reversed, 'the judgment' for the purpose of interest was that entered by the trial court on remand." *Id.* at 336. *See also Hysell v. Iowa Pub. Serv. Co.,* 559 F.2d 468, 476 (8th Cir.1977) (where original award was vacated because it was unsupported by specific findings of fact, interest accrued from the date of the second judgment); *Riha v. International Tel. & Tel. Corp.,* 533 F.2d 1053, 1054 (8th Cir.1976) ("[a] judgment vacated on appeal is of no further force and effect" and therefore post-judgment interest should accrue from the date of the second judgment).

■ Where an original judgment is upheld for the most part but modified on remand, post-judgment interest should accrue from the date of the first judgment. As the Tenth Circuit has phrased it, one should examine " 'the extent to which the case was reversed' " in order to decide from which judgment, the first or the second, post-judgment interest should accrue. *Northern Natural Gas Co. v. Hegler,* 818 F.2d 730, 737 (10th Cir.1987) (quoting *Ashland Oil, Inc. v. Phillips Petroleum Co.,* 607 F.2d at 336), *cert. dismissed,* 486 U.S. 1063, 109 S.Ct. 7, 100 L.Ed.2d 937 (1988). In *Northern Natural Gas Co.,* interest ran from the date of the first judgment award because the reversal of the first judgment "was not on any basic liability errors or errors in procedure which affected the basic issues but on a dollar value, a matter of degree." *Id.* at 737. The Ninth Circuit, in *Perkins v. Standard Oil Co. of Cal.,* 487 F.2d 672 (9th Cir.1973), allowed interest on an attorney's fees award to accrue from the date of the original, overly generous award:

> Where a single item such as attorney's fees is reduced on appeal, the district court's determination should be viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry.

*Id.* at 676. The Seventh Circuit has found that post-judgment interest should accrue from the date of the original judgment where the original judgment was set aside and later reinstated. *Merit Ins. Co. v. Leatherby Ins. Co.,* 728 F.2d 943 (7th Cir. 1984). *See also Brooks v. United States,* 757 F.2d 734 (5th Cir.1985) (interest allowed during the pendency of the first appeal where original judgment was substantially upheld, even though nominally reversed and remanded, and liability was reapportioned).

We have held that when an award is modified on remand, interest should accrue on the modified award from the date of the original judgment to the date of payment. In *Clifford v. M/V Islander,* 882 F.2d 12, 14 (1st Cir.1989), an initial award of $150,-000 had been remanded on the first appeal because the trial judge had insufficiently explained the basis for the damages computation. Without taking additional evidence, the trial judge made a second award, again for $150,000, and more fully explained the basis of the award. On the third appeal, we ordered interest to accrue on the judgment from the date of the district court's first award. In *United States v. Michael Schiavone & Sons, Inc.,* 450 F.2d 875, the district court erred in computing the money judgment for the plaintiff. We ordered the district court to enter a new judgment for the plaintiffs which reflected our own calculation and to allow interest on the judgment to accrue from the date of the first award. *Id.* at 876–77. The reduction of the judgment on remand "[did] not prevent

interest from attaching upon the reduced amount from the date of the original judgment." *Schiavone & Sons*, 450 F.2d at 876–77.

 In the present case, we remanded the first damages award because, among other reasons, the district court had incorrectly instructed the jury and we suspected that the first damages award was duplicative. Unlike *Kaiser*, adequate evidence supported the jury's award, and unlike *FDIC v. Rocket Oil Co.*, the jury's initial determination of liability was upheld. A fair damages award *could* have been made by the jury after the first trial in the present case had the jury been instructed properly. Calculating interest from the date of the second judgment would penalize appellees for the trial judge's error.

We find some guidance in Justice White's dissent in *Kaiser*, joined by Justices Brennan, Marshall and Blackmun, which suggests that *Kaiser* not be read too broadly:

> I also agree with the majority that postjudgment interest in this case did not begin to accrue upon entry of the August 22, 1979 judgment.... The Court's holding is necessarily limited to the facts of this case.... The majority does not state whether August 22, 1979, would have been the proper commencement date for accrual of postjudgment interest had Bonjorno successfully appealed the order granting a new trial.... Nor does the Court state any rule applicable to various other fact patterns not before us but commonly encountered by the lower courts, *e.g.*, ... where an interest award is reduced on appeal and a new judgment is entered on remand. *Perkins v. Standard Oil Co. of Cal.*, 487 F.2d 672 (CA9 1973).

*Kaiser*, 110 S.Ct. at 1594 (White, J., dissenting) (footnote, citation omitted).

Because we believe that *Kaiser* does not control the present case, post-judgment interest on the modified damages award of $307,239.31 shall accrue from the date of the first judgment.

*b. The Deposits*

 The deposits with the district court pose a different problem. Appellees claim that appellants should be charged with interest on the deposits because the money was not placed in an "interest-bearing mechanism for the benefit of the plaintiffs." Brief of Appellees at 9. We disagree. Responsibility for placing money deposited with a court in an interest-bearing account rests with the clerk of the court. Rule 67 of the Federal Rules of Civil Procedure provides:

> The party making the deposit [in court] shall serve the order permitting deposit on the clerk of the court. Money paid into court under this rule shall be deposited and withdrawn in accordance with the provisions of Title 28, U.S.C. §§ 2041, and 2042; [*et seq.*]. *The fund shall be deposited in an interest-bearing account or invested in an interest-bearing instrument approved by the court.*

Fed.R.Civ.P. 67 (emphasis added). The requirement that an order of deposit be served on the court clerk

> is simply to assure that the clerk knows what is being deposited and what his responsibilities are with respect to the deposit. [This] point is particularly important since the rule as amended contemplates that deposits will be placed in interest-bearing accounts; the clerk must know what treatment has been ordered for the particular deposit.

Fed.R.Civ.P. 67, Notes of Advisory Committee on Rules—1983 Amendment. The rule does not require the depositor to instruct the clerk to place the deposit in an interest-bearing account.

 Appellants complied with the rule. They served an order permitting deposit of $23,783 with the district court on November 3, 1987. Three days later the district court judge ordered the second deposit through a consent order which stated, "A deposit is hereby made with the registry of the court of $212,803.23, which, together with the $23,783 already deposited, add up to the estimated back pay award of $236,-586.23." Consent Order, November 6, 1987. Neither party requested the district court to deposit the $236,586.23 in an interest-bearing account, nor was either party required to do so. Appellants cannot be held liable for the failure of their deposit with the district court to earn interest.

Post-judgment interest on the damages award should accrue from October 7, 1986, the date of the original judgment, to May 3, 1989, the date the judgment was paid in full. The district court should exclude from the interest computation the sums deposited with the district court as of the dates the deposits were made.

## III. ATTORNEY'S FEES

 The next issue before us is whether to uphold the district court's two awards of attorney's fees. It is undisputed that the appellees are entitled to attorney's fees. Under 42 U.S.C. § 1988, the district court may, in its discretion, award to the prevailing party in a 42 U.S.C. § 1983 civil rights suit reasonable attorney's fees as part of the costs. On October 24, 1986, the district court awarded $105,300 in attorney's fees to the appellees after the jury awarded compensatory damages. On January 24, 1989, we remanded this case for a new trial on damages. Part of the remand order stated:

Because the changed posture of the case requires a remand, the appeal from the award of attorney's fees is premature and is dismissed. The question of attorney's fees should be considered *de novo* by the district court after the trial on damages.

*Cordero v. De Jesus–Mendez,* 867 F.2d at 22.

It does not appear that the district court considered *de novo* the issue of attorney's fees. All the court did was add $60,652.50 to its previous award, bringing the total award to $165,952.50. The second award was evidently based on supplemental requests for attorney's fees for services performed from January, 1987, to April, 1989.

Because the district court did not consider the issue of attorney's fees *de novo* as we ordered, we must vacate the attorney's fees award of $165,952.50 and remand the question of attorney's fees to the district court again for *de novo* consideration. The award should reflect the fact that the second damages award was approximately half the sum awarded by the first jury. The court should also consider the effect, if any, on a fee award of the fact that plaintiffs, in the course of the first appeal, lost on some issues as to which they had earlier prevailed. Appellees are not entitled to any attorney's fees for this appeal.

## IV. INTEREST ON ATTORNEY'S FEES

Appellees claim that they are entitled to interest on attorney's fees. We recognize that a number of circuits have held that late payments of attorney's fees accrue interest under 28 U.S.C. § 1961. *See Transpower Constructors v. Grand River Dam Auth.,* 905 F.2d 1413, 1423–24 (10th Cir. 1990); *Fleming v. County of Kane, Ill.,* 898 F.2d 553, 565 (7th Cir.1990); *R.W.T. v. Dalton,* 712 F.2d 1225, 1234–35 (8th Cir. 1983), *cert. denied,* 464 U.S. 1009, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Copper Liquor, Inc. v. Adolph Coors Co.,* 701 F.2d 542, 544 (5th Cir.1983) (per curiam); *Perkins v. Standard Oil Co. of Cal.,* 487 F.2d 672.

 This circuit has assumed that the district court will take into account delays in payment in determining its fee award. In *Garrity v. Sununu,* 752 F.2d 727 (1st Cir.1984), we rejected plaintiffs' requests for interest on fees or a second increase in the lodestar to reflect a two-year delay in payment. Nonetheless, we stated, "In determining the lodestar and awarding the 20 percent upward adjustment, the district court recognized that it was entitled to take account of 'possible delays in payment' and, for all we know, did so." *Id.* at 740. *See also Furtado v. Bishop,* 635 F.2d 915, 920 (1st Cir.1980) ("delay in payment" warrants an upward adjustment of the "lodestar" figure).

Because we have vacated the fee award and remanded it for recomputation, the district court should determine whether there should be added to the attorney's fees an amount for delay in payment.

## REMAND ORDER

1. The prejudgment interest award is stricken.

2. Post-judgment interest on the damages awarded shall be computed at the statutory rate from October 7, 1986, the date of the original judgment, to May 3, 1989. The sums deposited with the district court shall be excluded from the interest computation.

The interest shall be computed as follows:

Interest on the full compensatory damages award ($307,239.31) shall accrue from October 7, 1986, the date of the original judgment, to November 3, 1987, the date of the deposit of $23,783.

Interest on $283,456.31 ($307,239.31–$23,783) shall accrue from November 3, 1987, to November 6, 1987, the date of the deposit of $212,803.23.

Interest on the balance of $70,653.08 shall accrue from November 6, 1987, to May 3, 1989, the date the judgment was paid in full.

3. No payment has yet been made in satisfaction of the punitive damages award of $2,800; therefore, interest on the punitive damages award shall accrue from October 7, 1986, the date of the original award, to the date of payment.

4. Attorney's fees shall be computed *de novo*. The district court may factor into its award an increase for delay in payment.

Remanded for further proceedings consistent herewith.

Each party shall bear its own costs on appeal.

SELYA, Circuit Judge (concurring in part and dissenting in part).

I join in all of Judge Bownes' well-reasoned opinion except for Part II(a). The majority rules today that postjudgment interest on the jury's eventual award of damages should accrue from the date of the judgment entered after the first trial, rather than from the date of the judgment entered after the retrial. *See ante* at 11–16. Were we writing on a clean slate, entitled to weigh the equities, I would likely agree. But, the slate is too well inscribed.

This is not a case where "an original judgment [was] upheld for the most part but modified on remand," *ante* at 13;[5] rather, this is a case where we *vacated* the original judgment and ordered "a new trial on the question of damages." *Cordero v. De Jesus–Mendez*, 867 F.2d 1, 7 (1st Cir.

1989). In such a situation, I think the case is governed by the Court's recent interpretation of 28 U.S.C. § 1961 (1982 ed.) and its opinion in *Kaiser Alum. & Chem. Corp. v. Bonjorno*, — U.S. ——, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990):

> Where the judgment on damages was not supported by the evidence, the damages have not been 'ascertained' in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.

*Id.* at 1576. Although I share the hope that *Kaiser* will not be read too expansively, *see id.* at 1594–95 (White, J., dissenting), its *ratio decidendi* comfortably embraces the case at hand. We must obey the Court; and such obedience transforms here into plain duty. The postjudgment interest clock began to tick only on the date the second judgment was entered.

I respectfully dissent from Part II(a) of the majority's opinion.

---

5. Were that the case, I would agree with the majority's selected date.