Schuyler v. Schuyler                    CV-92-192-M    04/21/95
                 UNITED STATES DISTRICT COURT FOR THE
                       DISTRICT OF NEW HAMPSHIRE


Robert F. Schuyler,
     Plaintiff,

     v.                                         Civil No. 92-192-M

Schuyler General Contractors,
United Chambers Insured Plans,
United Chambers Administrators, Inc.,
American Chambers Life Insurance Company,
and Protective Life Insurance Co.,
     Defendants.


                            O R D E R


     The parties tried this matter to the court on November

18 and 19, 1994.  On December 20, 1994, the court ruled that

defendants had arbitrarily and capriciously denied plaintiff

reimbursement for medical expenses and instructed the Clerk of

Court to enter judgment in favor of plaintiff.  Pending before

the court are defendants' motion for reconsideration and

plaintiff's motion for attorneys' fees.


             **Defendants' Motion for Reconsideration.**

     Defendants move for reconsideration of the December 20,

1994, order suggesting that its arguments were misunderstood and

the court erroneously concluded that plaintiff's non-disclosure

of toe pain did not constitute a "material omission" supporting rescission of plaintiff's insurance coverage. Defendants have not invoked a specific Federal Rule of Civil Procedure relative to their motion to reconsider, but it would seem that the applicable rule is Rule 59(e).

> It is settled law in this circuit that a motion which asks the court to modify its earlier disposition of a case solely because of an ostensibly erroneous legal result is brought under Fed.R.Civ.P. 59(e). Such a motion, without more, does not invoke Fed.R.Civ.P. 60(b). See Silk v. Sandoval, 435 F.2d 1266, 1267 (1st Cir. 1971) ("If the court merely wrongly decides a point of law, that is not `inadvertence, surprise, or excusable neglect'") (quoting Rule 60).

Rodriquez-Antuna v. Chase Manhattan Bank Corp., 871 F.2d 1, 2 (1st Cir. 1989) (some citations omitted).

Having found that defendants' motion is governed by the provisions of Rule 59(e), the court must necessarily deny it as untimely. Fed.R.Civ.P. 59(e) (requiring the filing of a motion to alter or amend judgement within 10 days of the entry of judgment.). Moreover, even if defendants' motion had been filed in a timely fashion (or if the court were able to characterize it as one filed pursuant to Rule 60), the court would still deny the motion on its merits.

2

**Costs and Attorneys' Fees.**

Pursuant to 29 U.S.C. §1132(g)(1), plaintiff seeks reimbursement for $56,693.20 in costs and attorneys' fees and $6,670.24 in prejudgment interest on his unreimbursed medical bills. Defendants object, arguing that an award of costs and attorneys' fees is unwarranted and, even if warranted, should not exceed $36,010.30. Specifically, defendants claim that costs and attorneys' fees incurred in connection with bringing plaintiff's unsuccessful (i.e., preempted) state law claims are not recoverable under ERISA. Additionally, defendants object to the award of any prejudgment interest on plaintiff's unreimbursed medical expenses.

Title 29 of the United States Code, Section 1132(g)(1) provides that, "[i]n any action under this subchapter . . . by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." In interpreting this fee-shifting provision of ERISA, the Court of Appeals for the First Circuit has made clear that, "an award of attorney's fees under ERISA is not virtually automatic, but remains discretionary with the trial judge." Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 259

(1st Cir. 1986) (emphasis added).  The court then adopted a five-part test to determine when an award of attorneys' fees is appropriate:

> This five factor standard considers (1) the degree of bad faith or culpability of the losing party; (2) the ability of such party to personally satisfy an award of fees; (3) whether such award would deter other persons acting under similar circumstances; (4) the amount of benefit to the action as conferred on the members of the pension plan; and (5) the relative merits of the parties' positions.

Id., at 257-58.

Applying this five factor test to the present case, the court finds that an award of attorney's fees is appropriate. First, defendants' conduct in denying plaintiff's request for reimbursement of medical expenses was unreasonable, arbitrary and capricious.  Second, defendants would certainly appear to have the financial resources to pay such an award and, in fact, they do not argue to the contrary.  Third, granting plaintiff's request for reasonable attorney's fees would likely deter defendants, and others similarly situated, from arbitrarily denying benefit claims made under ERISA.  Finally, the relative merits of plaintiff's position were substantially greater than those of defendants'.  The evidence presented supports the

4

conclusion that this case involved an insurer's effort to "paper up" a denial of a welfare plan benefit claim for reasons of monetary self-interest.

Accordingly, the court holds that an award of costs and reasonable attorney's fees is warranted. A more troubling question presented by this case, however, is whether plaintiff is entitled to recover costs and fees generated in connection with his repeated unsuccessful attempts to pursue state law causes of action, at both the state and federal level. In order to understand fully the nature of the fees and expenses incurred in connection with plaintiff's state law claims, some further discussion is necessary.

Plaintiff originally brought this action on March 6, 1992, as a petition for declaratory judgment in the Strafford County (New Hampshire) Superior Court. Defendants then removed the case, successfully arguing that plaintiff essentially stated claims for wrongful denial of medical benefits under an ERISA-governed employee benefit plan. The court agreed, finding that ERISA controlled the resolution of the parties' disputes and completely preempted plaintiff's state law claims. On November

5

30, 1992, this court (Tevrizian, J.) denied plaintiff's motion to remand the case to state court and held that plaintiff's state law petition for declaratory judgment was preempted by ERISA. Plaintiff then submitted a motion to reconsider that order, which the court denied.

On August 15, 1993, the court granted defendants' motion to dismiss plaintiff's state law claims and granted plaintiff thirty (30) days within which to file an amended complaint, setting out a well-pleaded claim under ERISA. On the same day, plaintiff filed an amended complaint which, despite the court's dismissal of the preempted state law claims, reiterated four counts alleging state law causes of action. On September 13, 1993, plaintiff requested permission to file another amended complaint which again set forth preempted state law claims. The court denied this motion and instructed plaintiff to file a well-pleaded complaint under ERISA within 21 days. Finally, on January 10, 1994, plaintiff filed an amended complaint describing a cognizable claim under ERISA.

Defendants object to any award of costs and fees which were incurred in connection with: (i) plaintiff's unsuccessful state

6

court declaratory judgment action; (ii) plaintiff's unsuccessful efforts to remand and/or preserve his state law claims; and (iii) plaintiff's complaint against the insurance agent who sold him the policy in question, which plaintiff brought before the New Hampshire Department of Insurance.[1] The court agrees and holds that plaintiff is entitled to reimbursement only for those costs and attorney's fees reasonably incurred in connection with prosecuting his ERISA claims, particularly in light of the substantial time and effort devoted to pursuing plainly preempted state law claims. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 440 (1983) ("Where the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee."). See also Gray v. New England Tel. and Tel. Co., 792 F.2d 251, 256-67 (1st Cir. 1986); Cann v. Carpenters' Pension Trust Fund, 989 F.2d 313, 315-17 (9th Cir. 1993); Downey Community Hosp. V. Wilson, 977 F.2d 470, 474 (9th Cir. 1992); Texas Commerce Bancshares v. Barnes, 798 F.Supp. 1286, 1290-91 (W.D.Tex. 1992).

---

[1] Plaintiff agrees that the portion of costs and fees attributable to his litigation against the insurance agent should be excluded from his pending request. Plaintiff's Further Replication to Defendant's Objection, at 1.

With regard to costs and fees incurred in an effort to pursue preempted state law claims (at both the state and federal level), the court holds that plaintiff is entitled to recover only those expenses reasonably incurred in connection with work which was useful and necessary to advance plaintiff's ERISA claims in this forum. Cf. Hensley v. Eckerhart, 461 U.S. at 434-35 ("In some cases a plaintiff may present in one lawsuit distinctly different claims for relief that are based on different facts and legal theories. In such a suit, . . . counsel's work on one claim will be unrelated to his work on another claim. Accordingly, work on an unsuccessful claim cannot be deemed to have been `expended in pursuit of the ultimate result achieved.'") (citations omitted).

Calculation of reasonable attorneys' fees is made by multiplying the number of hours reasonably devoted to the case by a reasonable hourly rate of pay. Blum v. Stenson, 465 U.S. 886, 888 (1984). This is commonly referred to as the "lodestar" amount. Grendel's Den, Inc. v. Larkin, 749 F.2d 945, 950 (1st Cir. 1984). The court may then, in the exercise of its discretion, adjust the lodestar upward or downward, as

circumstances peculiar to the case might warrant.  <u>Segal v.</u>
<u>Gilbert Color Systems, Inc.</u>, 746 F.2d 78, 87 (1st Cir. 1984).

Plaintiff's counsel have submitted 30 pages of computer
generated billing records for the attorneys who performed work on
this matter.  These records reflect time charges entered by
plaintiff's attorneys contemporaneously with the work which they
performed.  Plaintiff's counsel have also submitted an
itemization of all costs incurred in connection with their
handling of this case.  Plaintiff also seeks an award of
$6,670.24 of interest on the unpaid medical bills.  Total costs,
attorneys' fees, and interest sought by plaintiff amount to
$63,363.44.  Of that amount, defendants object to $20,560.00 in
attorneys' fees, $122.90 in costs, and the entire award of
interest which plaintiff seeks.

After carefully reviewing plaintiff's request for costs and
fees in light of the guidelines discussed above, the court
concludes that the following are properly recoverable in this
ERISA action:

9

| Attorney | Reasonable Hourly Rate | Qualified Hours | Total |
|----------|------------------------|-----------------|-------|
| B. Lown | $150.00 | 198.80 | $29,820.00 |
| C. Grant | $100.00 | 126.65 | $12,665.00 |
| J. Skewes | $ 45.00 | 21.10 | $    949.50 |
| | | Grand Total: | $43,434.50 |

This was a well tried case, on both sides. In light of the quality representation provided by plaintiff's counsel, and the results obtained, the court finds this award to be reasonable, appropriate, and just. Grendel's Den, Inc. v. Larkin, 749 F.2d at 950-51; Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978). No upward or downward adjustment of the lodestar is made, see, e.g., Furtado v. Bishop, 635 F.2d 915, 920 (1st Cir. 1980), because the lodestar amount, on balance, fairly and adequately compensates plaintiff's counsel under the circumstances.

Plaintiff's request for reimbursement of costs incurred in connection with this matter shall be reduced by $175.80, representing costs associated with plaintiff's state court proceeding which are not properly recoverable here.

10

Finally, the court finds that an award of prejudgment interest is, under appropriate circumstances, proper in an ERISA case. Biggins v. Hazen Paper Co., 953 F.2d 1405, 1426-27 (1st Cir.) (An award of prejudgment interest in an ERISA case is within the sound discretion of the district court.), cert. denied, 120 L. Ed. 2d 904, 1992 U.S. LEXIS 4633, 112 S. Ct. 3035, 60 U.S.L.W. 3879 (1992); Lutheran Medical Ctr. v. Contractors, Laborers, Teamsters & Eng'rs Health & Welfare Plan, 25 F.3d 616, 623 (8th Cir. 1994) (an award of prejudgment interest is appropriate when necessary to award an ERISA beneficiary adequate equitable relief); Rivera v. Benefit Trust Life Ins. Co., 921 F.2d 692, 696 (7th Cir. 1991) (the presumption in favor of an award of prejudgment interest is specifically applicable in ERISA cases.); see generally, Federal Deposit Ins. Corp. v. Rocket Oil Co., 865 F.2d 1158, 1160 (10th Cir. 1989) ("The issue of interest in a federal question case is governed by federal law. . . . In the absence of a statutory provision to the contrary, the district court has broad discretion in deciding whether to grant prejudgment interest."). Awarding prejudgment interest serves not only to fully compensate plaintiff, but also to prevent the unjust enrichment of defendants, who would otherwise have an incentive to delay payments to a deserving insured.

ERISA does not address the issue of an appropriate prejudgment interest rate. And, although Title 28, United States Code, section 1961, establishes a rate for _post_-judgment interest, it is silent as to _pre_judgment interest. While some courts have simply applied 28 U.S.C. §1961 to an award of prejudgment interest in ERISA cases, see, e.g., <u>Scalamandre v. Oxford Health Plans, Inc.</u>, 823 F.Supp. 1050, 1063-64 (E.D.N.Y. 1993), it would seem more appropriate to look to state law for guidance in this area. <u>See, e.g.</u>, <u>Velez v. Puerto Rico Marine Management, Inc.</u>, 957 F.2d 933, 941 (1st Cir. 1992) ("Because the [Labor Management Relations Act] is silent as to prejudgment interest and the granting of prejudgment interest falls under the equitable powers of the district court, the court may look to state law in setting the pre-judgment interest rate.") (citing <u>Hansen v. Continental Life Ins. Co.</u>, 940 F.2d 971, 983-84 (5th Cir. 1991)). In <u>Hansen v. Continental Life</u>, <u>supra</u>, the Court of Appeals for the Fifth Circuit addressed the issue of prejudgment interest in the ERISA context and held:

> [Defendant] appeals, arguing that federal law, not
> state law governs the rate of interest in this case
> . . . As a general matter, [defendant] is correct that
> where a cause of action arises out of a federal
> statute, federal law governs the scope of the remedy
> available to plaintiffs, including whether prejudgment
> interest is to be allowed and at what rate.

12

> Such a rule, however, often leads back to state law.
> While there is a generally applicable federal statute
> governing postjudgment interest, see 28 U.S.C.
> §1961(a), there is no equivalent statute governing
> prejudgment interest. [Defendant] would apply the rate
> set down in the postjudgment interest statute to awards
> of prejudgment interest. This Court, however, has
> already rejected that position. . . . ERISA is silent
> on the issue of prejudgment interest. Accordingly,
> this Court holds that when awarding prejudgment
> interest in an action brought under ERISA, it is
> appropriate for the district court to look to state law
> for guidance in determining the rate of interest.

Id., at 983-84. See also Reich v. Street, No. 92-465-B (D.N.H. November 19, 1993) ("The determination of the appropriate rate of interest to compensate the [ERISA plan] beneficiaries for the trustees' breach of duty is committed to the court's discretion. . . . I follow the First Circuit's decision in Colon Velez v. Puerto Rico Marine Management, Inc., supra, which upheld the district court's application of state law for its determination of the applicable interest rate.") Accord Biava v. Insurers Admin. Corp., No. 94-2013, 1995 U.S. App. LEXIS 3955 (10th Cir. March 1, 1995).

Under New Hampshire law, the applicable rate of interest is ten percent (10%) per annum. N.H. RSA 336:1.[2] Applying that

_____

[2] The insurance policy under which the court ordered defendant to make payment provides that it shall be interpreted

13

interest rate from the date on which plaintiff filed his state petition to the date on which the court entered judgment, yields the following result:

$23,569.00 x 0.10 x 2.78 yrs. = $6,552.18 of prejudgment interest.

## Conclusion

In accordance with the foregoing discussion, plaintiff is awarded reasonable attorneys' fees in the amount of $43,434.50, costs of $4,038.30, and prejudgment interest of $6,552.18.

---

in accordance with the laws of the "state in which the policy is issued for delivery."  Group Insurance Certificate Booklet, Part 9 at 49.  At trial, defendants argued (at least at one point, before later reversing their position) that, pursuant to this provision, Alabama law governed interpretation of the policy. However, even if the court were to accept this argument, under Alabama choice-of-law principles, interest is governed by the law of the place of performance. Biava v. Insurers Admin. Corp., No. 94-2013, 1995 U.S. App. LEXIS 3955 (10th Cir. March 1, 1995) (citing Alger-Sullivan Lumber Company v. Union Trust Company, 118 So. 760 (Al. 1928); Cubbedge, Hazlehurst & Co. v. Napier, 62 Ala. 518 (Al. 1878).  Accordingly, the court will apply New Hampshire law to determine the rate at which prejudgment interest is calculated.

SO ORDERED.

                                        _____
                                        Steven J. McAuliffe
                                        United States District Judge

April 21, 1995

cc:  Bradley M. Lown, Esq.
     Kathleen C. Peahl, Esq.