Clarence F. TINSLEY; Marion Tinsley,
Plaintiffs–Appellees,

v.

SEA–LAND CORPORATION, a
corporation, Defendant–
Appellant.

No. 91–35762.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 9, 1992.

Decided Nov. 20, 1992.

Jerome C. Scowcroft, Schwabe, William-
son & Wyatt, Seattle, Wash., for defen-
dant-appellant.

Ronald J. Bland and Harold F. Vhugen,
Levinson, Friedman, Vhugen, Duggan &
Bland, Seattle, Wash., for plaintiffs-appel-
lees.

Before: BROWNING, THOMPSON and
KLEINFELD, Circuit Judges.

PER CURIAM:

This is the second appeal in this personal
injury action arising out of an accident on a

ship owned and operated by the defendant, Sea–Land Corporation. In its original judgment, the district court found the unseaworthy condition of defendant's ship was the sole cause of plaintiff's injuries and awarded damages of $721,673. On appeal, we affirmed the finding of unseaworthiness, but held plaintiff's negligence had contributed to his injuries and remanded for a determination of comparative negligence. 917 F.2d 28 (Table) (text available at 1990 WL 163934). The district court found plaintiff 10% negligent and reduced the damage award accordingly. The court also ordered defendant to pay post-judgment interest on the reduced award from the date of the original judgment. Sea–Land timely appeals. We affirm.[1]

■ The award of postjudgment interest is governed by 28 U.S.C. § 1961. *See Kotsopoulos v. Asturia Shipping Co.,* 467 F.2d 91, 95 (2d Cir.1972) (award of postjudgment interest in maritime actions is governed by 28 U.S.C. § 1961). Section 1961(a) provides "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and "shall be calculated from the date of the entry of the judgment." However, interest may not be calculated from the date of a judgment for damages that "was not supported by the evidence." *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 836, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990). As the Supreme Court explained in *Bonjorno:*

> "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." *Poleto v. Consolidated Rail Corp.,* [826 F.2d 1270, 1280 (3d Cir.1987)]. Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way.

*Id.* at 835–36, 110 S.Ct. at 1576.

■ The question presented here is whether the damages were sufficiently as-

certained as of the date of the original judgment where on appeal this court ordered the district court to reduce the damage award in proportion to the plaintiff's comparative negligence. When the Court of Appeals affirms a district court judgment, interest is paid from the date of the original judgment. *Home Sav. Bank, F.S.B. v. Gillam,* 952 F.2d 1152, 1162 (9th Cir.1991). Here the district court's determination of damages was not challenged as unsupported by the evidence or on any other ground, and we affirmed that determination. We remanded solely to reduce the award in proportion to the plaintiff's negligence, instructing the district court to "reduce the damage award already calculated according to the percentage of [Tinsley's] fault." Slip. Op. at 13. By contrast, in *Bonjorno,* the court vacated the judgment completely and ordered a new trial on the issue of damages. *See* 494 U.S. at 830, 110 S.Ct. at 1573. Prior to *Bonjorno,* we had held that deletion of an item of damages does not result in an entirely new judgment. *Perkins v. Standard Oil Co. of Cal.,* 487 F.2d 672, 675–76 (9th Cir.1973). Rather, "the district court's determination [is] viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry." *Id.* at 676. The Supreme Court decision in *Bonjorno* did not change this rule because no portion of the original damage award in *Bonjorno* was "permitted to stand." The judgment in this case was permitted to stand to the extent of Sealand's responsibility for Tinsley's injuries; an award of interest from the date of the original judgment on this part of the judgment is therefore consistent with *Bonjorno. See also Cordero v. De Jesus–Mendez,* 922 F.2d 11, 16–18 (1st Cir.1990).

■ Sea–Land argues Tinsley's failure to appeal the district court's omission of postjudgment interest in the original judg-

**1.** In this opinion we state our reasons for affirming the award of post-judgment interest. Our reasons for affirming the district court's determination of comparative negligence are stated in a separate unpublished disposition.

ment precludes an award of interest. We need not consider this contention because it was raised for the first time in Sea–Land's reply brief. *Nevada v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.1990). In any event, the claim is meritless. "Interest accrues from the date of a judgment whether or not the judgment expressly includes it, because 'such interest follows as a legal incident from the statute providing for it.'" *Waggoner v. R. McGray, Inc.*, 743 F.2d 643, 644 (9th Cir.1984) (quoting *Blair v. Durham*, 139 F.2d 260, 261 (6th Cir.1943)). *See also United States v. Michael Schiavone & Sons Inc.*, 450 F.2d 875, 876 (1st Cir.1971) ("Regardless of whether the judgment itself contains a specific award of interest, once final judgment has been entered in a civil suit in a federal court the prevailing party becomes a judgment creditor and is entitled to post-judgment interest under the mandatory terms of 28 U.S.C. § 1961.").

■ Sea–Land relies on *Lettsome v. United States*, 434 F.2d 907, 909–10 (5th Cir.1970) and *Firth v. United States*, 554 F.2d 990, 995–96 (9th Cir.1977). Neither is relevant here. These cases were brought under the Suits in Admiralty Act, 46 U.S.C. App. § 743, and the Public Vessels Act, 46 U.S.C. App. § 782, which provide for actions against the United States. Interest may be awarded on judgments under those statutes, but, unlike 28 U.S.C. § 1961, the award of interest is not mandatory. *Lettsome*, 434 F.2d at 910; 46 U.S.C. App. §§ 743, 782.

AFFIRMED.