13 F.3d 58
 27 Fed.R.Serv.3d 562
 William DUNN, Hess Oil Virgin Islands Corp.
v.
HOVIC; Amerada Hess Corp.; Keene Corporation
v.
The LITWIN CORPORATION; Litwin Panamerican; Borinquen
Insulation Co.
Owens-Corning Fiberglas Corporation ("OCF"), Appellant.
 No. 91-3837.
 United States Court of Appeals,
Third Circuit.
 Sur Motion to Recall Mandate Nov. 16, 1993.
Decided Nov. 26, 1993.
 
 Barry S. Simon (argued) and Paul Mogin, Williams & Connolly, Washington, DC, for appellant.
 Joel H. Holt (argued), Christiansted, VI, and Paul S. Minor, Minor & Guice, Biloxi, MS, for appellee.
 Before: SLOVITER, Chief Judge, MANSMANN and WEIS, Circuit Judges.
 OPINION OF THE COURT
 SLOVITER, Chief Judge.
 
 
 1
 We have before us a motion filed by appellee William Dunn to recall the mandate in this matter to clarify the award of post-judgment interest.
 
 I.
 
 2
 To recapitulate, Dunn's claim against Owens-Corning Fiberglas ("OCF"), the only remaining defendant in Dunn's suit based on the asbestos-related thickening of the lining of his lungs, was tried to a jury which awarded him $1.3 million in compensatory damages and $25 million in punitive damages on November 23, 1990. Judgment on the verdict was entered November 26, 1990. OCF's motion for a new trial was denied by the district court on condition that Dunn accept a remittitur to $500,000 compensatory damages and $2 million punitive damages. See Dunn v. Owens-Corning Fiberglas, 774 F.Supp. 929, 951-52 (D.V.I.1991). Dunn accepted the remittitur and that judgment was entered on October 21, 1991. OCF appealed. In a panel opinion we affirmed the compensatory damage award. See Dunn v. HOVIC, 1 F.3d 1362, 1367 (3d Cir.1993). The punitive damage issue was heard by the in banc court which further remitted the punitive damage award to $1 million. See Dunn v. HOVIC, 1 F.3d 1371, 1391 (3d Cir.1993) (in banc), petition for cert. filed, 62 U.S.L.W. 336 (U.S. Oct. 25, 1993) (No. 93-658).
 
 
 3
 Neither of our opinions addressed the issue of post-judgment interest, nor did the mandate. The Clerk of the District Court of the Virgin Islands entered an amended judgment on September 10, 1993 providing for interest on the judgment from the date of the jury verdict, November 23, 1990. OCF filed an objection to that amended judgment. Dunn concedes for purposes of this motion that he is only entitled to interest from the date of the initial judgment, November 26, 1990, rather than from the date of the verdict. See Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835, 110 S.Ct. 1570, 1576, 108 L.Ed.2d 842 (1990) (holding that the plain language of 28 U.S.C. Sec. 1961 (1988) dictates that interest will be accrued from date of judgment rather than from verdict). He thus requests us to recall the mandate and amend it to provide interest from that date.
 
 II.
 
 4
 Federal Rule of Appellate Procedure 37 ("FRAP 37") provides in relevant part:
 
 
 5
 If a judgment is modified or reversed with a direction that a judgment for money be entered in the district court, the mandate shall contain instructions with respect to the allowance of interest.
 
 
 6
 The Advisory Committee Notes to FRAP 37 make it clear that recall of the mandate is appropriate to answer the question of post-judgment interest:
 
 
 7
 Since the rule directs that the matter of interest be disposed of by the mandate, in cases where interest is simply overlooked, a party who conceives himself entitled to interest from a date other than the date of entry of judgment in accordance with the mandate should be entitled to seek recall of the mandate for determination of the question.
 
 
 8
 28 U.S.C. Sec. 1961(a) states, "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." Notwithstanding the mandatory language of the statute dictating recovery of post-judgment interest, OCF argues that post-judgment interest should not automatically be added to the judgment in this case.
 
 
 9
 Preliminarily, OCF contends that recalling a mandate is "an extraordinary remedy" that should be used only "sparingly." American Iron & Steel Inst. v. EPA, 560 F.2d 589, 594 (3d Cir.1977), cert. denied, 435 U.S. 914, 98 S.Ct. 1467, 55 L.Ed.2d 505 (1978). OCF argues that Dunn disregarded proper procedure by convincing the district court clerk to sign an order awarding interest from the date of the original verdict when we had not directed in our mandate that that be done, and, therefore, Dunn should not be "rewarded" for such behavior. OCF's argument overlooks that awarding post-judgment interest is not a "reward," but rather just compensation to ensure that a money judgment will be worth the same when it is actually received as it was when it was awarded. See Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 96 (3d Cir.1993). Because we failed to place instructions for the allowance of interest in our mandate when we modified the judgment as required by FRAP 37, we will recall the mandate to correct that omission. See id. at 96 n. 5.
 
 
 10
 Section 1961 dictates that interest be awarded, and thus our inquiry is directed to the date from which the post-judgment interest should run. OCF contends that under the authority of Kaiser, 494 U.S. at 836, 110 S.Ct. at 1576, post-judgment interest should not run from November 26, 1990, the date of the initial judgment, because that judgment did not "ascertain[ ]" the damages "in any meaningful way."
 
 
 11
 This case is distinguishable from Kaiser, because here there was a remittitur, not an overturning of the entire damage verdict. In Kaiser, the district court found that the initial judgment for the antitrust plaintiffs of $5,445,000 on the jury's verdict was not supported by the evidence. See id. at 830, 110 S.Ct. at 1573. Following a limited retrial on the issue of damages only, the jury awarded treble damages of $9,567,939, and judgment on that verdict was then entered. See id.
 
 
 12
 In holding that post-judgment interest should run from the date of the second judgment, the Supreme Court reasoned:
 
 
 13
 "[T]he purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant." Poleto v. Consolidated Rail Corp., 826 F.2d [1270, 1280 (3d Cir.1987) ]. Where the judgment on damages was not supported by the evidence, the damages have not been "ascertained" in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.
 
 
 14
 Id. at 835-36, 110 S.Ct. at 1576.
 
 
 15
 OCF argues that because (1) the first judgment of $26.3 million was substantially higher than the ultimate $1.5 million judgment and (2) the factors used in determining damages were different on appeal than those the jury was instructed to consider, the damages in Dunn, like the damages in Kaiser, were not "ascertained in any meaningful way" by the first judgment.
 
 
 16
 However, as noted above, the Dunn jury's decision was never overturned and the matter was never retried. See Loughman, 6 F.3d at 97 ("[T]he decision [for determining whether post-judgment interest should run from the original judgment] turns on the degree to which the original judgment was upheld or invalidated on appeal."). The jury's determination of liability was upheld. Moreover, although it was determined by the district court and later on appeal that the jury's damage award was too high, the entire award was not vacated, but was merely reduced.
 
 
 17
 We believe that when a court orders a remittitur, it does not necessarily signify that the damages were not "ascertained" in a meaningful way. In Coal Resources v. Gulf & Western Industries, 954 F.2d 1263, 1274-75 (6th Cir.1992), the court clarified that post-judgment interest should be awarded from the date of the first judgment notwithstanding a remittitur of a portion of the damages attributable to depreciation and interest. The court explained, "the damages awarded ... were sufficiently ascertained at the time of the District Court judgment. The remittitur merely reduced the damages by a distinct amount easily determined from the facts of the case." Id. at 1275. Indeed, in Kaiser the district court stated that it would have ordered a remittitur rather than a new trial if it could have, but that it could not because, "no reasoned basis could be found for setting an appropriate figure." See Bonjorno v. Kaiser Aluminum & Chem. Corp., 518 F.Supp. 102, 119 (E.D.Pa.1981).
 
 
 18
 To be sure, the amount remitted in this case was not as distinctly ascertainable as was the amount in Coal Resources. Nonetheless, we conclude that Kaiser does not preclude an award of post-judgment interest dating from the first judgment because no portion of the original Kaiser damage award was permitted to stand whereas here $1.5 million, a part of the original damage award, was affirmed without the necessity of a retrial. This case is therefore closer to Tinsley v. Sea-Land Corp., 979 F.2d 1382, 1383 (9th Cir.1992), cert. denied, --- U.S. ----, 114 S.Ct. 69, 126 L.Ed.2d 38 (1993), where the court assessed the interest from the first judgment notwithstanding a remand to determine the amount to be deducted for plaintiff's contributory negligence. Although the percent of that deduction was not initially ascertainable, the court explained
 
 
 19
 "[T]he district court's determination [is] viewed as correct to the extent it was permitted to stand, and interest on a judgment thus partially affirmed should be computed from the date of its initial entry." The Supreme Court decision in Bonjorno did not change this rule because no portion of the original damage award in Bonjorno was "permitted to stand."
 
 
 20
 Id. at 1383 (citations omitted).
 
 
 21
 We see no reason why Dunn should be disadvantaged in the calculation of interest because the jury overestimated his damages. See Cordero v. De Jesus-Mendez, 922 F.2d 11, 15-18 (1st Cir.1990) (holding that where damages unsupported because of jury instruction error, interest should run from first trial because judgment was "basically sound" and should not penalize a party for the trial judge's error). OCF's liability to Dunn was established on November 26, 1990 and it was established on sufficient evidence to support the eventual $1.5 million judgment.
 
 
 22
 OCF also contends that in any event, we should preclude any claim for interest between the November 26, 1990 judgment and the October 21, 1991 judgment because the 1991 judgment did not provide for post-judgment interest and Dunn failed to challenge that judgment with an appeal or a Rule 59(e) motion. However, the district court did not state that Dunn was not entitled to receive interest, but instead did not rule on the issue at all. Therefore, there was no order for Dunn to appeal. Moreover, post-judgment interest is awarded by statute as a matter of law so it is automatically added, whether or not the district court orders it. See Tinsley, 979 F.2d at 1384 ("[Post-judgment interest] accrues from the date of a judgment whether or not the judgment expressly includes it, because such interest follows as a legal incident from the statute providing for it." (quotations omitted)).
 
 III.
 
 23
 Accordingly, we reject OCF's objections to modification of the mandate. We will modify the mandate in this case to direct that post-judgment interest be awarded from the date of the original judgment, November 26, 1990.