46 F.3d 1149
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WESTFIELD INSURANCE COMPANY; Ohio Farmers Insurance
Company, Plaintiffs-Appellees,
v.
Charles S. PASHAYAN, Sr.; Lilly A. Pashayan; Ace Service,
Inc., Defendants-Appellants.
 No. 93-16310.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 16, 1994.*
Decided Jan. 9, 1995.
 
 Before: HUG, CANBY and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles and Lilly Pashayan appeal a district court order holding that Westfield Insurance Company was not obliged to indemnify the Pashayans for the costs of investigation and cleanup of the "Ace site." The Pashayans argue that the district court erred in reaching this conclusion, and that the district court further erred in ruling that, according to the terms of a collateral agreement between the Pashayans and Westfield, the Pashayans had to reimburse Westfield within sixty days from entry of the district court's order. We affirm.
 
 I.
 
 3
 We have held that, under California's principles of contract interpretation, the term "sudden," when used in an exception to a pollution exclusion clause for "sudden and accidental" discharge, includes a temporal element. See Smith v. Hughes Aircraft Co., 22 F.3d 1432, 1437 (9th Cir.1994). We therefore reject the Pashayans' argument that the long-term leakage of gasoline from underground storage tanks at the Ace site can be considered "sudden" simply because it was accidental.
 
 
 4
 We also reject the Pashayans' contention that the gasoline leak could be considered "sudden" because it may have "suddenly" commenced when some part of the storage tanks became unsound. The district court found that the leakage was not sudden, and the evidence supports that determination. All of the expert testimony at trial indicated that the leakage was slow and long-term. The Pashayans introduced no evidence that the leakage began because of a "sudden" event. The district judge accordingly did not clearly err in holding that the gasoline leak was not "sudden."
 
 II.
 
 5
 We also reject the Pashayans' argument that the district court misinterpreted what the parties meant by "final judgment" in their collateral agreement. The Pashayans contend that the agreement must have meant that the Pashayans would have a duty to pay 60 days after all proceedings in federal court, including appeals, had been concluded adversely to them. The primary significance, however, of the requirement of payment 60 days after "final judgment" is to start interest running if payment is not then made. It is logical to conclude that, in fixing the date upon which an obligation to pay interest would commence, the parties would select as a reference point the "final judgment" that normally creates an obligation to pay interest. That "final judgment" is the final judgment that terminates proceedings in the district court. 28 U.S.C. Sec. 1961(a) (1994); Tinsley v. Sea-Land Corp., 979 F.2d 1382, 1383 (9th Cir.1992) (per curiam), cert. denied, 114 S.Ct. 69 (1993) (post-judgment interest calculated from date of entry of district court judgment; "[w]hen the Court of Appeals affirms a district court judgment, interest is paid from the date of the original judgment"). The district court accordingly did not err in holding that the parties intended to require payment 60 days after entry of the district court's final order.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3