98 F.3d 1206
 36 Fed.R.Serv.3d 326, 96 Cal. Daily Op. Serv. 7915,
96 Daily Journal D.A.R. 13,165
 AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a New York
corporation, Plaintiff-Appellee,
v.
UNITED COMPUTER SYSTEMS, INC., Defendant-Appellant.
AMERICAN TELEPHONE AND TELEGRAPH COMPANY, a New York
corporation, Plaintiff-Appellant,
v.
UNITED COMPUTER SYSTEMS, INC., Defendant-Appellee.
 Nos. 94-55565, 94-55567.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Oct. 30, 1996.
 
 Jerrold J. Ganzfried, Howrey & Simon, Washington, DC (Jonathan S. Feld, Jeffrey S. Davis, Washington, DC, and Steven J. Stanwyck, Los Angeles, CA, on the briefs), for defendant-appellant-cross-appellee.
 Jeffrey S. White, Orrick, Harrington & Sutcliffe, San Francisco, CA; Dan Marmalefsky, Hufstedler & Kaus, Los Angeles, CA, for plaintiff-appellee-cross-appellant.
 Appeals from the United States District Court for the Central District of California, Richard A. Gadbois, Jr., District Judge, Presiding. D.C. Nos. CV-91-01613-RG, CV-91-02289-RG.
 Before: REINHARDT, HALL, and LEAVY, Circuit Judges.
 OPINION*
 LEAVY, Circuit Judge:
 
 
 1
 North American Timeshare, Inc. ("NAT") appeals from the district court's calculation of prejudgment and postjudgment interest, and American Telephone and Telegraph Company ("AT & T") cross-appeals from the order of the district court confirming an arbitration award. We affirm in part, reverse in part, and remand.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 On December 28, 1990, an arbitration award was granted to United Computer Systems, Inc. ("UCS"), who for purposes of this appeal we assume was the predecessor-in-interest to NAT. The district court entered its first judgment confirming that award on October 9, 1991. In the prior appeals, AT & T challenged the denial of its motion to vacate the arbitration award, and NAT cross-appealed, arguing that the district court erred by failing to calculate prejudgment interest according to California law.
 
 
 3
 In March of 1992, we granted AT & T's motion for a limited remand so it could petition the district court to vacate the confirmation order and to vacate the arbitration award. Fed.R.App.P. 27. On May 4, 1992, the district court vacated the confirmation order under Fed.R.Civ.P. 60(b)(3) and vacated the arbitration award under section 10 of the Federal Arbitration Act, 9 U.S.C. § 10. AT & T then voluntarily dismissed its appeal pursuant to Fed.R.App.P. 42(b). By then, NAT had timely appealed from the district court's Rule 60(b)(3) ruling and the vacatur of the arbitration award.
 
 
 4
 NAT's new appeal was consolidated with its pending appeal concerning the calculation of interest. We held that the district court erred in granting AT & T's Rule 60(b)(3) motion and in vacating the arbitration award, and said "the award stands confirmed." We also held that the district court erred in its calculation of interest and remanded with instructions that prejudgment interest be calculated under California law.
 
 
 5
 On remand the district court ordered that the arbitration award be paid to NAT. In calculating prejudgment interest under California law, the court concluded that prejudgment interest should be allowed to October 9, 1991, the date of entry of the first judgment, and postjudgment interest thereafter. The California state prejudgment interest rate was 10%,[1] and the federal postjudgment interest rate, provided by 28 U.S.C. § 1961, was 5.57%.
 
 ANALYSIS
 
 6
 I. AT & T's Challenge to the Arbitration Award
 
 
 7
 AT & T argues that the district court erred on remand by confirming the arbitration award because of alleged partiality on the part of arbitrator Randy Knapp ("Knapp"), in violation of 9 U.S.C. § 10(a)(2), and because it was prevented from cross-examining Knapp in violation of 9 U.S.C. § 10(a)(3).
 
 
 8
 In the prior appeals, NAT appealed both the 60(b)(3) order and the district court's vacatur of the arbitration award. NAT properly raised in its brief the merits of AT & T's original challenge to the arbitration award, and AT & T responded to these issues. In our prior unpublished disposition we held that the district court erred both in vacating its prior confirmation and in vacating the underlying arbitration award. We said: "We vacate the district court's order vacating the arbitration award and vacating the confirmation order. Consequently, the award stands confirmed." AT & T v. United Computer Sys., Inc., 5 F.3d 534 (Table), 1993 WL 360778, ** 7 (9th Cir. Sept.15, 1996).
 
 
 9
 In its petition for rehearing and suggestion for rehearing en banc, AT & T recognized that our prior decision constituted a decision on the merits of the arbitration award. The law of the case bars AT & T from now challenging that award. See Leslie Salt Co. v. United States, 55 F.3d 1388, 1392 (9th Cir.), cert. denied, --- U.S. ----, 116 S.Ct. 407, 133 L.Ed.2d 325 (1995). We find no merit to any of AT & T's remaining arguments, and hold that the district court properly confirmed the arbitration award on remand.
 
 II. Prejudgment and Postjudgment Interest
 
 10
 We are also required to decide whether, since the state prejudgment interest rate is higher than the federal postjudgment interest rate, calculation of prejudgment and postjudgment interest should be based on the date of an initial judgment or on the date of a later enforceable judgment. We conclude that in these circumstances prejudgment and postjudgment interest should be calculated as of the date of the entry of the enforceable judgment entered after remand.
 
 
 11
 Although a district court's calculation of prejudgment and postjudgment interest is usually reviewed for abuse of discretion, In Re Acequia, Inc., 34 F.3d 800, 818 (9th Cir.1994), we review de novo when it involves statutory interpretation of 28 U.S.C. § 1961. Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1298 (9th Cir.1984), cert. denied, 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985).
 
 
 12
 28 U.S.C. § 1961(a) provides in relevant part:
 
 
 13
 Interest shall be allowed on any money judgment in a civil case recovered in a district court.... Such interest shall be calculated from the date of the entry of judgment, at a rate equal to the coupon issue yield equivalent ... of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.
 
 
 14
 (Emphasis added.) In diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law. Northrop Corp. v. Triad Int'l Marketing, S.A., 842 F.2d 1154, 1155 (9th Cir.1988) (per curiam).
 
 
 15
 The general rule is that when an appellate court reverses a judgment of the district court and directs that a money judgment in favor of a claimant be entered upon remand, prejudgment interest runs through the date of the newly-entered judgment. Fed.R.App.P. 37. Both NAT and AT & T recognize, however, that an exception to this rule is made when a legally sufficient determination of damages had been made at the time of some prior judgment, which the judgment upon remand essentially reinstates. See Northrop, 842 F.2d at 1156.
 
 
 16
 In Northrop, a party was awarded damages in arbitration. The losing party successfully moved in district court to vacate the arbitration award. We reversed and reinstated the award but did not instruct the district court as to the calculation of interest. Because the prevailing party was entitled to prejudgment interest of only 7%, but postjudgment interest of 11.98%, the prevailing party asked us to amend the mandate and order the district court to calculate the award of postjudgment interest from the date of the earlier judgment vacating the arbitration award. Id. at 1155.
 
 
 17
 We granted the prevailing party's request. We first noted the general rule that "when an appellate court reverses a judgment for one party and directs entry of a money judgment for the other, postjudgment interest runs from the date of the entry of the second judgment on remand." 842 F.2d at 1156. However, we contrasted this rule with an equitable exception applied in those cases in which a trial court sets aside a jury verdict, and the appellate court then reverses and remands with instructions to enter judgment on the original verdict. In such cases, we have construed § 1961 to allow postjudgment interest to be calculated from the entry date of the original judgment and not from entry of the judgment on remand. Id. at 1156.
 
 
 18
 In Northrop, we concluded that awarding postjudgment interest from the date of the first entry of judgment was more consistent with the purpose of § 1961. We justified this conclusion by noting the equitable purpose behind § 1961 and the fact that the damages had been properly ascertained at the time of the first judgment:
 
 
 19
 [T]he purpose of section 1961 is to 'ensure[ ] that the plaintiff is further compensated for being deprived of the monetary value of the loss from the date of ascertainment of damages until payment by defendant.... Where, as here, the initial ascertainment of damages is left standing but a delay occurs between the date of that ascertainment and the date of the eventual entry of judgment based on that ascertainment, the result should not differ.'
 
 
 20
 ... In both cases liability has been determined and the amount due has been fixed by a neutral factfinder.
 
 
 21
 Id. (quoting Turner v. Japan Lines Ltd., 702 F.2d 752, 756 (9th Cir.1983) (per curiam)). Because the prevailing party would be "further compensated" by calculating postjudgment interest from the date of the prior judgment, and because the damages were sufficiently ascertained at that time, we extended the equitable exception to arbitration cases.
 
 
 22
 In the instant appeal, we are faced with the flip side of those circumstances found in Northrop. Here the postjudgment interest rate is less than the prejudgment interest rate, and it is the losing party who asks that postjudgment interest begin at the time of the initial judgment, while the prevailing party seeks to have postjudgment interest run from the date of the later judgment.
 
 
 23
 NAT argues by analogy from Northrop that to hold as AT & T urges would be inequitable and would penalize NAT by depriving it of the higher rate available under state law during a period of time in which, due to AT & T's actions, there was no enforceable judgment.
 
 
 24
 AT & T, relying principally on Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990), and its progeny, argues that the plain language of § 1961 requires postjudgment interest to be calculated from the first judgment in which the damages are sufficiently ascertained.
 
 
 25
 In Kaiser Aluminum, the plaintiff brought an antitrust action against Kaiser. At the conclusion of the first trial the district court directed a verdict in favor of Kaiser. On appeal, the Third Circuit reversed and remanded for a new trial. A second trial resulted in a verdict in favor of the plaintiff in the amount of $5,445,000. After judgment was entered on this verdict, the district court granted Kaiser's motion for a new trial on damages, which resulted in an award on December 2, 1981, in the amount of $9,567,939. Judgment was entered on December 4, 1981. On January 17, 1983, the district court granted Kaiser's motion for judgment notwithstanding the verdict as to a portion of the damages. Again on appeal, the Third Circuit reversed the grant of a partial judgment notwithstanding the verdict and reinstated the judgment entered on December 4, 1981. 494 U.S. at 829-31, 110 S.Ct. at 1572-74.
 
 
 26
 Both the district court and the court of appeals held that 28 U.S.C. § 1961 required that interest be calculated from December 2, 1981, the date of the verdict on which the correct judgment would have been entered absent the district court's erroneous grant of partial judgment notwithstanding the verdict. The Supreme Court granted certiorari in order to consider, in part, "whether [postjudgment] interest ... should be calculated from the date of a legally insufficient judgment." Id. at 834, 110 S.Ct. at 1575.
 
 The Court first noted that
 
 27
 the purpose of postjudgment interest is to compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the payment by the defendant.
 
 
 28
 Id. at 835-36, 110 S.Ct. at 1576 (citation omitted). It then stated:
 
 
 29
 [w]here the judgment on damages was not supported by the evidence, the damages have not been 'ascertained' in any meaningful way. It would be counterintuitive, to say the least, to believe that Congress intended postjudgment interest to be calculated from such a judgment.
 
 
 30
 Id. at 836, 110 S.Ct. at 1576. The Court concluded that interest should be calculated from the December 4, 1981 judgment, that is, the judgment which sufficiently ascertained the plaintiff's damages.
 
 
 31
 AT & T contends that Kaiser Aluminum stands for the proposition that § 1961 postjudgment interest must be calculated from the first judgment in which damages are sufficiently ascertained, regardless of any subsequent events, and regardless of any equitable considerations.
 
 
 32
 We disagree. There is no dispute that Kaiser Aluminum stands for the proposition that 28 U.S.C. § 1961 requires that postjudgment interest be calculated from a judgment in which damages are sufficiently ascertained. However, we see nothing in that holding, and AT & T cites no other law, which supports the contention that interest must be calculated from the entry date of the first judgment ascertaining damages. Further, the cases relied upon by AT & T can all be distinguished on the basis that no prejudgment interest was available, the prejudgment interest rate was lower than the postjudgment interest rate, or the issue was not raised.[2] Thus, in those cases, calculating interest from the first judgment in which damages were ascertained appears always to have favored the prevailing party. The parties cite, and our research discloses, no case resolving the issue before us.
 
 
 33
 In the instant case, we are presented with two judgments both of which sufficiently ascertain the damages, i.e., the October 1991 judgment, and the March 1994 judgment after remand. The district court concluded that postjudgment interest applied as of the October 1991 judgment. We believe this was in error for two reasons. First, at AT & T's request, the October 1991 judgment was vacated by the district court and was unenforceable until the district court's order following remand. Second, the award of prejudgment interest under state law more fully compensates NAT for the loss of use of its money due to the delay occasioned by AT & T's actions. Therefore, we hold that prejudgment interest applies up until the March 1994 judgment following remand, and that postjudgment interest applies after this date.
 
 
 34
 Where a prior judgment awarding damages has been vacated pursuant to the actions of an ultimately losing party, equitable principles favor calculating the interest in a manner that more fully compensates the prevailing party. Any other result would penalize the prevailing party, and in certain circumstances might also encourage losing parties to instigate postjudgment litigation so they can reap the benefits of a low interest rate. We see no inconsistency between this holding and the requirements of 28 U.S.C. § 1961 which provides simply that postjudgment interest be "allowed on any money judgment ... from the date of the entry of the judgment[.]"
 
 
 35
 Finally, NAT contends, without citing any pertinent authority, that the district court erred in not awarding prejudgment interest on certain arbitrators' fees which made up part of the arbitration award. The district court did not abuse its discretion in concluding that such fees are akin to costs for which no prejudgment interest is allowed. See Cal.Civ.Code § 3287.
 
 CONCLUSION
 
 36
 We AFFIRM the decision of the district court confirming the arbitration award, REVERSE the district court's calculation of prejudgment and postjudgment interest, and REMAND to the district court to recalculate interest in accord with this disposition. Each party will bear its own costs on appeal.
 
 
 
 *
 American Telephone and Telegraph's cross-appeals in Nos. 94-56755 and 95-55015, originally consolidated with the present appeals, are decided by a separate, unpublished disposition filed this date
 
 
 [1]
 Cal.Civ.Code § 3289(b) provides in relevant part:
 If a contract entered into after January 1, 1986, does not stipulate a legal rate of interest, the obligation shall bear interest at a rate of 10 percent per annum after a breach.
 
 
 [2]
 Dunn v. HOVIC, 13 F.3d 58, 62 (3rd Cir.), cert. denied, 510 U.S. 1031, 114 S.Ct. 650, 126 L.Ed.2d 608 (1993) (postjudgment interest on products liability damage award calculated from the original judgment ascertaining damages; no discussion of prejudgment interest); Loughman v. Consol-Pennsylvania Coal Co., 6 F.3d 88, 98 (3rd Cir.1993) (postjudgment interest awarded from date of original fraud judgment ascertaining damages; no discussion of prejudgment interest); Tinsley v. Sea-Land Corp., 979 F.2d 1382, 1383 (9th Cir.), cert. denied, 510 U.S. 817, 114 S.Ct. 69, 126 L.Ed.2d 38 (1993) (postjudgment interest awarded in a personal injury action from the date of the original judgment to the extent such damages were ascertained; no discussion of prejudgment interest); Coal Resources, Inc. v. Gulf Western Indus., Inc., 954 F.2d 1263, 1274-75 (6th Cir.1992) (no prejudgment interest allowed, postjudgment interest awarded from original judgment ascertaining damages); H.J. Inc. v. Flygt Corp., 925 F.2d 257, 261-62 (8th Cir.1991) (postjudgment interest awarded from original judgment ascertaining damages in antitrust action; no prejudgment interest awarded); Graefenhain v. Pabst Brewing Co., 870 F.2d 1198, 1211 (7th Cir.1989) (postjudgment interest awarded from date of original judgment in age discrimination action, no prejudgment interest allowed); Brooks v. United States, 757 F.2d 734, 740-41 (5th Cir.1985) (postjudgment interest awarded from date of original judgment ascertaining damages in Federal Tort Claims Act action; no discussion of prejudgment interest); Merit Ins. Co. v. Leatherby Ins. Co., 728 F.2d 943, 945 (7th Cir.1984) (8% prejudgment interest and 9% postjudgment interest calculated from date of original judgment upon remand from court of appeals reversing 60(b)(3) vacatur of arbitration award and reinstating original judgment); Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1299 (9th Cir.1984), cert. denied, 469 U.S. 1190, 105 S.Ct. 963, 83 L.Ed.2d 968 (1985) (no prejudgment interest allowed in antitrust action, award of postjudgment interest from entry of original judgment); Turner v. Japan Lines Ltd., 702 F.2d 752, 756-57 (9th Cir.1983) (postjudgment interest awarded from date of original judgment; no discussion of a prejudgment interest award); Twin City Sportservice, Inc. v. Charles O. Finley & Co., 676 F.2d 1291, 1311-12 (9th Cir.), cert. denied, 459 U.S. 1009, 103 S.Ct. 364, 74 L.Ed.2d 400 (1982) (postjudgment interest allowed from date of original judgment on antitrust counterclaim, no discussion of prejudgment interest award); Mt. Hood Stages, Inc. v. Greyhound Corp., 616 F.2d 394, 407 (9th Cir.), cert. denied, 449 U.S. 831, 101 S.Ct. 99, 66 L.Ed.2d 36 (1980) (postjudgment interest awarded from date of original judgment ascertaining damages in antitrust action; no discussion of prejudgment interest); Perkins v. Standard Oil Co., 487 F.2d 672, 675-76 (9th Cir.1973) (postjudgment interest on attorneys' fees, for which no prejudgment interest was allowed, calculated as of date of original judgment); United States v. Hougham, 301 F.2d 133, 135 (9th Cir.1962) (interest awarded as of date of original judgment properly ascertaining damages in action for fraudulent obtaining of government property; no discussion of prejudgment interest)