The NATIONALIST MOVEMENT,
Appellant

v.

CITY OF YORK.

No. 08–1896.

United States Court of Appeals,
Third Circuit.

Submitted Pursuant to Third Circuit
LAR 34.1(a) May 28, 2009.

Filed: Aug. 12, 2009.

92

---

Richard Barrett, Esq., Learned, MS, for Appellant.

Donald B. Hoyt, Esq., Blakey, Yost, Bupp & Rausch, York, PA, James D. Young, Esq., Lavery, Faherty, Young & Patterson, Harrisburg, PA, for City of York.

Before: FISHER, CHAGARES and COWEN, Circuit Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

The Nationalist Movement appeals from the District Court's order denying its motion to enforce judgment and for additional attorney's fees, arguing that the District Court erred in refusing its request for additional fees for time spent preparing that motion and in declining to order the City of York (the "City") to pay post-judgment interest. We will affirm.

### I.

We write exclusively for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

On September 28, 2007, the District Court awarded The Nationalist Movement attorney's fees in the amount of $40,691.25 and costs in the amount of $456.00 pursuant to 42 U.S.C. § 1988(b), based on The Nationalist Movement's success in its civil rights action against the City. The Nationalist Movement did not appeal from this award. Instead, on November 20, 2007, it filed a motion in the District Court seeking an order setting a specific date by which the City would be required to pay the judgment, plus post-judgment interest, and awarding additional attorney's fees for the time The Nationalist Movement spent preparing that motion. The City, in opposing the motion, notified the District Court that it had already paid the attorney's fees and costs, having done so several weeks after The Nationalist Movement moved to enforce the judgment. In response, The Nationalist Movement sent a letter to the District Court acknowledging that the City had paid the fees and costs, but reiterating that the City had not paid the post-judgment interest or additional attorney's fees requested in the motion.

On March 3, 2008, the District Court denied The Nationalist Movement's motion, and The Nationalist Movement filed this timely appeal.

### II.

The District Court had jurisdiction under 28 U.S.C. § 1331 and we have jurisdiction under 28 U.S.C. § 1291. We review "the District Court's denial of attorneys' fees for abuse of discretion," *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir.2006), which occurs "when no reasonable person would adopt the district court's view," *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir.1990). "Whether the district court applied the proper standards or procedures is a question of law

subject to plenary review," but we review its factual findings "under a clearly erroneous standard." *Id.* at 1182–83.

### III.

The Nationalist Movement contends that the District Court erred in denying its request for additional attorney's fees, arguing that a district court may deny fees only when the circumstances render such an award unjust. Thus, according to The Nationalist Movement, the District Court had the discretion to adjust a request for additional fees, but not to deny those fees altogether, and therefore it erred in doing so. We disagree.

"[N]o award of fees is 'automatic,'" *INS v. Jean*, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990), and an award "can be reduced, even to nothing, so that the award is reasonable when considered in light of all the circumstances of the case," *In re Burlington N., Inc.*, 832 F.2d 430, 434 (7th Cir.1987) (internal quotation marks omitted). *See also John T. v. Del. County Intermediate Unit*, 318 F.3d 545, 558 (3d Cir.2003) (stating that "attorney's fee awards ultimately are awarded at a court's *discretion*" and "are never guaranteed"). The Nationalist Movement's argument largely ignores the fact that at the time it filed its motion for additional fees, the District Court had already awarded what it determined to be a reasonable fee, taking into account time spent on the original fee petition. *See Hensley v. Eckerhart*, 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983) (stating that 42 U.S.C. § 1988 authorizes "the district courts to award a reasonable attorney's fee to prevailing parties in civil rights litigation"); *Prandini v. Nat'l Tea Co.*, 585 F.2d 47, 53 (3d Cir.1978) ("[A]ttorneys may be awarded, under statutory fee authorizations, compensation for the expenses of and time spent litigating the issue of a reasonable fee[, i.e.,] for time spent on the fee application and successful fee appeals."). The Nationalist Movement, instead of appealing from that award, opted to seek fees that are considerably attenuated from its victory on the underlying merits of its civil rights case. *See Hernandez v. Kalinowski*, 146 F.3d 196, 199 (3d Cir.1998) (stating that the purpose of § 1988 "is to ensure effective access to the judicial process for persons with civil rights claims, and to encourage litigation to enforce the provisions of the civil rights acts and constitutional civil rights provisions").

■ Given the record, we conclude that the District Court acted within its broad discretion in declining to award The Nationalist Movement additional fees. *See Hensley*, 461 U.S. at 437, 103 S.Ct. 1933 (explaining that affording a district court such discretion "is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters"). In denying the motion, the District Court explained that the City had in fact paid the fees and costs which The Nationalist Movement sought in its motion. *Cf. Stewart v. Gen. Motors Corp.*, 756 F.2d 1285, 1294 (7th Cir.1985) (denying additional attorney's fees where party "was in compliance with the decree"). In addition to the fact that the City had already paid, the District Court stressed that, based on the protracted nature of this litigation, the preferred resolution here was to deny the additional fees and bring this litigation to an end. *See Jean*, 496 U.S. at 163, 110 S.Ct. 2316 ("Exorbitant, unfounded, or procedurally defective fee applications—like any other improper position that may unreasonably protract proceedings—are matters that the district court can recognize and discount."); *Hensley*, 461 U.S. at 437, 103 S.Ct. 1933 ("A request for attor-

94

ney's fees should not result in a second major litigation."); *see also Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1206 (10th Cir.1986) (noting the difference "between time necessary to prepare and submit an application for fees, and hours spent disputing a fee award," and explaining that the "latter are especially suspect" and that the "district court has great leeway in this regard"). Under these particular circumstances, there is no reason to disturb the District Court's decision to refuse awarding fees for the preparation of such a motion. *See, e.g., Muscare v. Quinn*, 680 F.2d 42, 44–45 (7th Cir.1982) (affirming the district court's denial of additional attorney's fees based on "[t]he long history of th[e] case and the circumstances taken in their totality," and stating that "[f]or rather obvious practical reasons we are loath to disturb a ruling by a district judge on a request for second-round attorneys' fees").

█ Nor did the District Court err in refusing to order the payment of post-judgment interest. Under 28 U.S.C. § 1961, "post-judgment interest is awarded . . . as a matter of law so it is automatically added, whether or not the district court orders it." *Dunn v. HOVIC*, 13 F.3d 58, 62 (3d Cir.1993); *see Eaves v. County of Cape May*, 239 F.3d 527, 527–28 (3d Cir.2001) ("[P]ost-judgment interest on an attorney's fee award runs from the date that the District Court actually quantifies the award."); *see also Associated Gen. Contractors of Ohio, Inc. v. Drabik*, 250 F.3d 482, 485 (6th Cir.2001) ("[T]he 'any money judgment' provision of § 1961 includes a judgment awarding attorney fees."). We will not require the District Court to issue yet another order reiterating what is already inherent in the original attorney's fees award judgment. *See Miller v. Artistic Cleaners*, 153 F.3d 781, 785 (7th Cir.1998) ("[T]he district court did not

err in making no mention of postjudgment interest in its order awarding attorney's fees."). That said, we do not view the District Court's order denying The Nationalist Movement's motion as affecting any right that The Nationalist Movement may have to post-judgment interest on the fee award, and it may certainly attempt to collect any interest on that judgment to which it believes it is statutorily entitled in accordance with the proper procedures.

## IV.

For the foregoing reasons, we will affirm the District Court's order denying The Nationalist Movement's motion to enforce judgment and for additional attorney's fees.