21-1284-cr
United States v. Shipp

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of October, two thousand twenty-two.

PRESENT: ROSEMARY S. POOLER,
RAYMOND J. LOHIER, JR.,
ALISON J. NATHAN,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee,*

v.                                                                    No. 21-1284-cr

ALONZO SHIPP,

*Defendant-Appellant.*

-----------------------------------------------------------------

| FOR DEFENDANT-APPELLANT: | ALLEGRA GLASHAUSSER, Assistant Federal Defender, Federal Defenders of New York, Inc., New York, NY |
| --- | --- |

1

FOR APPELLEE: PHILIP N. PILMAR, Assistant United States Attorney (Kevin Trowel, Michael W. Gibaldi, Assistant United States Attorneys, *on the brief*), *for* Breon Peace, United States Attorney, Eastern District of New York, Brooklyn, NY

Appeal from a judgment of conviction entered in the United States District Court for the Eastern District of New York (Rachel P. Kovner, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Alonzo Shipp appeals from a judgment of conviction entered on May 14, 2021 in the United States District Court for the Eastern District of New York (Kovner, J.), following a jury trial at which he was found guilty of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Shipp was sentenced principally to a 120-month term of imprisonment. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

I.      The District Court's Remarks

Shipp argues that the District Court violated his Sixth Amendment right to

a public trial and his right under Federal Rule of Criminal Procedure 43(a) to be present at all stages of his trial when it provided brief introductory remarks about COVID-related protocols to potential jurors outside the presence of Shipp, his counsel, and the public.

Under the specific circumstances of this case, we conclude that the exclusion was too trivial to require that Shipp's conviction be vacated. See Gibbons v. Savage, 555 F.3d 112, 120–21 (2d Cir. 2009). "In evaluating whether a closure is trivial, we look to the values the Supreme Court explained were furthered by the public trial guarantee, focusing on (1) ensuring a fair trial, (2) reminding the prosecutor and judge of their responsibility to the accused and the importance of their functions, (3) encouraging witnesses to come forward, and (4) discouraging perjury." Id. at 121. The third and fourth values are not implicated here because no one testified during the District Court's remarks. See id. And the exclusion did not subvert the first and second values because the District Court's remarks were brief and concerned purely administrative and logistical matters. See, e.g., Peterson v. Williams, 85 F.3d 39, 42-43 (2d Cir. 1996) (concluding that a twenty-minute courtroom closure during defendant's testimony was trivial); Gibbons, 555 F.3d at 121 (concluding that the exclusion of

the public from an afternoon session of voir dire proceedings was trivial).

Further, during the two days of voir dire that followed, the District Court extensively questioned potential jurors about COVID-related issues in the presence of Shipp and his counsel, and it excused those who expressed concerns. While repeating statements made during an exclusion does not "by itself resolve the Sixth Amendment question," it does "bear on how seriously the values served by the Sixth Amendment were undermined." Peterson, 85 F.3d at 43. Accordingly, we reject Shipp's Sixth Amendment claim.

Shipp's challenge under Rule 43(a) fares no better. Rule 43(a) provides that "the defendant must be present at . . . every trial stage, including jury impanelment." As an initial matter, Shipp waived his Rule 43(a) claim because he never objected to the District Court's remarks. See United States v. Allen, 788 F.3d 61, 74–75 (2d Cir. 2015). In any event, "routine administrative procedures relating to jury selection are not part of the true jury impanelment process in which parties and counsel have a right to participate." United States v. Greer, 285 F.3d 158, 167 (2d Cir. 2002); see Cohen v. Senkowski, 290 F.3d 485, 490 (2d Cir. 2002) (distinguishing "substantive inquiry into juror qualification" from "an administrative empanelment process") (quotation marks omitted). Here, the

District Court's brief remarks about COVID-related logistics were administrative in nature and were delivered before either the District Court or the parties inquired into the potential jurors' qualifications. The District Court also did not remark on the facts of the case. The challenged remarks thus preceded jury impanelment and did not violate Rule 43(a), although we note that "[c]learly, it would have been preferable for the [D]istrict [C]ourt to have had the parties present," Allen, 788 F.3d at 74, and better practice for it to have indicated to the parties in advance and on the record what it intended to say.

II.   The Government's Rebuttal Evidence

Shipp next argues that the District Court erred in permitting the Government to introduce a series of Facebook messages between Shipp and Quahmel Myers during its rebuttal case. "We review the district court's evidentiary rulings for abuse of discretion." United States v. Willis, 14 F.4th 170, 185 (2d Cir. 2021). "Only rarely—and in extraordinarily compelling circumstances—will we . . . reverse a district court's . . . judgment concerning the relative weighing of probative value and unfair effect." United States v. Awadallah, 436 F.3d 125, 134 (2d Cir. 2006) (quotation marks omitted). "[S]o long as the district court has conscientiously balanced the proffered evidence's

probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational." Id. at 131. Here, the District Court determined that redacted versions of the messages were admissible to rebut Shipp's suggestion that Myers was the shooter and that they were not substantially more prejudicial than probative. Because the decision to admit the redacted messages was neither arbitrary nor irrational, we conclude that the District Court did not exceed its discretion.

### III.   Shipp's Sentence

Finally, Shipp argues that his sentence is procedurally and substantively unreasonable. "A district court commits procedural error where it fails to calculate the [Sentencing] Guidelines range (unless omission of the calculation is justified . . .), makes a mistake in its Guidelines calculation, or treats the Guidelines as mandatory," or where it "rests its sentence on a clearly erroneous finding of fact" or "fails adequately to explain its chosen sentence." United States v. Cavera, 550 F.3d 180, 190 (2d Cir. 2008). It commits substantive error "only in exceptional cases where [its] decision cannot be located within the range of permissible decisions." Id. at 189 (quotation marks omitted).

Shipp's sentence is procedurally reasonable. Shipp challenges the District

Court's sentencing enhancement for attempted murder under U.S.S.G. § 2A2.1(a)(2) because, he claims, there was insufficient evidence to prove by a preponderance of the evidence that he intended to kill his victim. We disagree. As the District Court found, Shipp shot his victim at close range, chased him, stood over his collapsed body and pointed a gun at him as he begged for his life, and left the scene only after the gun jammed. Based on our review of the record, we identify no clear error in these findings, which support the District Court's application of the challenged enhancement for attempted murder.

We conclude that Shipp's 120-month sentence is also substantively reasonable. Shipp primarily argues that the conditions of his confinement during the COVID-19 crisis outweighed any aggravating factors and rendered his sentence unreasonable. But "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing judge." United States v. Broxmeyer, 699 F.3d 265, 289 (2d Cir. 2012) (quotation marks omitted). Deferring to the District Court's "own sense of what . . . a fair and just sentence [was] under all the circumstances," we do not find Shipp's sentence to be substantively unreasonable. United States v. Jones, 460 F.3d 191, 195 (2d Cir. 2006).

We have considered Shipp's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court