PORTO RICAN AND AMERICAN INSURANCE CO., Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, PONCE PART; RAMÓN A. GADEA PICÓ, JUDGE, Respondent.

No. 2799. Decided February 2, 1962.

*Héctor Martínez Muñoz* for petitioner.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Dávila.

## JUDGMENT

On February 13, 1957 the Superior Court, Ponce Part, rendered judgment in an action of debt brought by Pedro J. Rullán against Enrique I. Moscoso and The Porto Rican and American Insurance Co. sustaining the complaint as to the insurance company and, consequently, ordering it to pay to plaintiff the sum of $768.55, the costs and an additional sum of $300 for attorney's fees. No pronouncement was made as to the payment of interest notwithstanding the fact that they were claimed in the complaint filed on September 27, 1949 as of the filing date thereof. Appeal was taken from this judgment by the insurance company only. By judgment of this Court rendered on June 29, 1960 the judgment of the trial court was affirmed.

In full satisfaction of the judgment rendered and affirmed on appeal, defendant-appellant deposited with the clerk of the Superior Court of Ponce the sum of $1,292.94, covering the amount of the judgment, namely, the amounts of $768.55 as principal, $300 for attorney's fees, and interest at the legal rate as of the date judgment was rendered.

Plaintiff filed a motion seeking an order of execution for the purpose of including an additional sum of $439.46 of interest on the amount of the principal as of March 15,

1949, the filing date of the complaint.[1]   It was so ordered by respondent court, and to review this order we issued a writ of certiorari.[2]

■ The order appealed from is clearly erroneous.  As stated in *Rivera* v. *Crescioni,* 77 P.R.R. 43, 51–52 (1954), the only interest which is part of the judgment and recoverable, even though it is not mentioned therein, is that accrued as of the date of the judgment since by provision of law it should be considered automatically as part of said judgment. Section 341 of the Code of Civil Procedure, 32 L.P.R.A. § 1473; *cf. Padilla* v. *Vidal*, 71 P.R.R. 483 (1950); *Polanco* v. *Cortés*, 66 P.R.R. 718 (1946); *Ex parte Franceschi*, 53 P.R.R. 72 (1938).

■■ Default interest is not in the same category, but is awarded as an indemnity which is considered a personal right of the creditor, and which he may waive.  *Rivera* v. *Crescioni, supra.*   In the instant case plaintiff did not appeal from the judgment which made no pronouncement in that respect, and he therefore waived his claim, had the same been in order.[3]   *Cf. Peñagaricano* v. *Superior Ct.; Nadal, Int.,* 81 P.R.R. 849 (1960); *Mejías* v. *Superior Ct.; Nadal et als., Ints.,* 82 P.R.R. 546, 555 (1961).

The order entered by the Superior Court, Ponce Part, on September 15, 1960, as well as the order entered on the following September 23 denying reconsideration, are set aside.

_____

[1] As stated hereinabove, the filing date of the complaint was September 27, 1949 and not March 15 of the same year, as erroneously alleged by plaintiff in his motion for execution of judgment.

[2] Petitioner Porto Rican and American Insurance Co. timely filed its brief in this Court.  We have not had the benefit of the brief of the other interested party.

[3] We have examined the record of the original appeal in the present case and it does not appear clearly whether the principal awarded in the judgment appealed from was a recoverable sum, at least as to Porto Rican and American Insurance Co. See § 1053 of the Civil Code, 31 L.P.R.A. § 3017; *Martínez Fernández & Cía., S. en C.* v. *García,* 68 P.R.R. 363 (1948).

It was so decreed and ordered by the Court as witnesses the signature of the Chief Justice.

(s) LUIS NEGRÓN FERNÁNDEZ
*Chief Justice*