SUSANA RAMOS WIDOW OF VÁZQUEZ ET AL., Plaintiffs and Appellees, *v.* JOSÉ FERNANDO VÁZQUEZ CINTRÓN, Defendant and Appellant.

No. 12696. Decided April 25, 1962.

*Antonio Figueroa Rivera* for appellant. *Guillermo S. Pierluisi* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau and Mr. Justice Dávila.

Mr. Justice Pérez Pimentel delivered the opinion of the Court.

In an action entitled "Testamentary Proceeding and Partition of Property," the superior court rendered the following

"Judgment

"Pursuant to the foregoing, judgment is rendered decreeing that the property left upon the death of the predecessor José F. Vázquez Ortiz amounts to $18,850; that the said property has produced income at the rate of $80 monthly as of February 27, 1956; that from said property there should be deducted $698.38 for funeral and burial expenses; and that there are debts against the said property amounting to $7,560.39.

"It is further decreed that there should be recognized and paid to the defendant, out of the said property, the sums of $1,250 and $200, the former with legal interest as of July 16, 1956, and the latter without interest.

"Let it be entered and notified.

"San Juan, Puerto Rico, September 5, 1957.

"(Sgd.) Carlos Santana Becerra
Judge, Superior Court."

The defendant alleges before this Court that in rendering judgment the superior court committed the following two errors:

"1. The appellants allege that the appellate court committed fatal error in not allowing interest on $1,250 and on the $200 which is granted to defendant José F. Vázquez Cintrón as of the date of reaching majority; and

"2. The appellate court committed fatal error in taking cognizance of this case without having jurisdiction therein, first, because the action brought is not the proper action, and also because the plaintiffs did not establish at the trial the payment of the inheritance tax or the exemption from the payment of such tax."

The said judgment is based on the following conclusions of law:

"The question of law for decision is whether or not the sums of $200 and $1,250 which the plaintiffs admittedly owed to the

defendant earn interest as of September 6 and November 7, 1923, namely, since the said sums were delivered by the District Court of Humacao to predecessor José Fernando Vázquez Ortiz.

"Regarding the sum of $200 which has its source in the delivery of $482.50 by virtue of an order of the District Court of Humacao of November 7, 1923, it is obvious that the same did not constitute a loan or debt, not even a deposit, and does not earn interest because it was delivered to the father to be used for the minors. Regarding the amount of $1,250 which has its source in the delivery of the sum of $2,500 to the predecessor by virtue of an order of the District Court of Humacao of September 6, 1923, it appears from the evidence that such delivery did not constitute a loan or a debt either. The order of the court directed that such sum be delivered to the predecessor because he was in charge of the administration and usufruct of the property, and no condition was required. It is inferred from the bond given that the predecessor bound himself to invest the said sum in real property for the benefit of the minors, otherwise to return it to the minors upon attaining majority.

"Assuming that the predecessor was bound to return the said sum to his children, such sum would earn legal interest as of the date in which judicial or extrajudicial demand was made for the return. Sections 1053 and 1061 of the Civil Code (31 L.P.R.A. §§ 3017 and 3025). Construing liberally the allegations of the defendant, and conceding that the same imply a demand against the plaintiffs, as heirs of the predecessor, for the return of such sum, interest should accrue as of the date of demand, namely, as of July 16, 1956, when the defendant filed his answer and made the allegation.

"In accordance with the foregoing conclusion, the court holds that the amounts of $1,250 and $200 which were admitted by the plaintiffs should be recognized as a debt of the inheritance, payable therefrom to the defendant, the former with legal interest from July 16, 1956, and the latter without interest.

"In view of the fact that there is no evidence in the record that the inheritance tax has been paid or that the plaintiffs and the defendant are exempt from the payment thereof, the court is precluded by the provisions of § 12 of the Inheritance Law (13 L.P.R.A. § 901) from ordering any disposition, distribution, or adjudication of the hereditary property."

The first error was not committed. Section 1061 of the Civil Code (31 L.P.R.A. § 3025) provides that, should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, unless otherwise stipulated, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest; and until another rate is fixed by the government, interest at the rate of six per cent per annum shall be considered as legal.

"Persons obliged to deliver or to do something are in default"—says § 1053 of the Civil Code, 31 L.P.R.A. § 3017—"from the moment when the creditor demands the fulfilment of their obligation, judicially or extrajudicially." That section further provides that demand of the creditor, in order that default may exist, shall not be necessary, among other things: "1. If the obligation or law declares it expressly." The appellant maintains that his case comes within this exception. His contention is that while José F. Vázquez Cintrón was a minor, his father José F. Vázquez had the usufruct and the administration of his child's moneys, but that such usufruct and administration terminated upon ceasing the minority of José F. Vázquez Cintrón, since such usufruct, which was constituted by law (31 L.P.R.A. § 1502), was extinguished upon the expiration of the period (31 L.P.R.A. § 1571). He further contends that such usufruct and administration having terminated on June 22, 1934 when José F. Vázquez Cintrón reached majority, the legal obligation of José F. Vázquez to deliver to his son the moneys belonging to him commenced on that date, since the law provides that the thing in usufruct be delivered to the owner at the expiration of the legal period of the usufruct. (31 L.P.R.A. § 1580.)

The fault with this argument lies in that none of the sections of the Civil Code relative to the usufruct cited by the appellant expressly provided that the usufructuary shall

incur default if, upon termination of the usufruct, the former fails to deliver to the owner the thing in usufruct.[1]

Commenting § 1100 of the Spanish Civil Code, counterpart of our § 1053, MANRESA states in connection with the exception which the appellant alleges exempts him from judicial or extrajudicial demand:

"The first of the two exceptions which the Code admits to the general rule that demand by the creditor shall be necessary for the commencement of the *default*, does not offer any doubt; it is only fair to point out that in view of the diversity of criteria which the former presupposes and which has already been explained in connection with the former law, *it shall not be sufficient that the law or the obligation fix a period for the fulfilment of the latter, even if it is specifically determined, unless they do not expressly add that the default commences upon expiration of the period*." (Italics ours.) VIII-1 MANRESA, *Comentarios al Código Civil Español* 127.[2]

█ This doctrine is confirmed by the judgment of the Supreme Court of Spain of January 4, 1911 which holds: "the executors who do not render accounts as required by par. 1 of § 907 of the Civil Code do not incur default by the mere lapse of time if no previous judicial or extrajudicial demand has been made."

---

[1] Section 450 of the Civil Code (31 L.P.R.A. § 1580) provides:

"§ 1580. Delivery to owner

"Upon the termination of the usufruct, the thing in usufruct shall be delivered to the owner, unless the right of retention appertaining to the usufructuary or to his heirs, for such expenses which they should recover, be enforced. After the delivery is made, the bond or the mortgage shall be cancelled."

[2] Examples of legal default are such as the one prescribed in subd. 2 of § 1390 of the Civil Code (31 L.P.R.A. § 3872) to the effect that the vendee shall owe interest from the time the thing is delivered until the payment of the price, if the thing delivered produces fruits or income, and the one prescribed in § 1394 (31 L.P.R.A. § 3876) which authorizes the rescission of the sale of personal property because the vendee, before the lapse of the period fixed for the delivery of the thing, should not have appeared to receive it and pay the price.

█ Neither was the second error committed. The action herein exercised is not the division of community (*communi dividundo*). Although the petitioners included a coheir as a defendant, their purpose was that the court order and approve an inventory of the capital and the debts corresponding to the legal community partnership composed of José F. Vázquez Ortiz and Susana Ramos; to order the liquidation of that partnership; to determine the amount of the net capital corresponding to the estate of José F. Vázquez Ortiz; to order the payment of the debts of the estate; and to decree the division thereof.

There is no question that according to the allegations of the petition the court could apply the pertinent provisions of the special legal proceedings (32 L.P.R.A. §§ 2621–26) had it been necessary, to decree definitively the partition of the property left upon the death of José F. Vázquez Ortiz. This was unnecesary in view of the course pursued by the proceeding. The parties stipulated the amount of the hereditary estate and the properties which constituted the same, as well as the amount of the debts and their items. The only point which they litigated and on which the court passed was whether the two items of $1,250 and $200 which the plaintiffs or petitioners admittedly owed the defendant earned interest from the time the debt was contracted in 1923, or from the date the defendant made judicial demand. In view of the allegations and the stipulations of the parties, the trial court exercised correctly its jurisdiction in deciding the controversy.

█ There being no evidence in the record that the inheritance tax was paid or that exemption was granted, the trial court expressly abstained from ordering the disposition, distribution, or. adjudication of the hereditary estate thereby respecting the command of the law. (13 L.P.R.A. § 901.)[3]

For the reasons stated, the judgment of the superior court will be affirmed.

---

[3] See *Ruiz* v. *Ruiz*, 74 P.R.R. 321 (1953).