# United States Court of Appeals
## For the First Circuit

No. 12-1326

IN RE:  REDONDO CONSTRUCTION CORPORATION,
Debtor.

REDONDO CONSTRUCTION CORPORATION,

Appellee,

v.

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY,

Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Torruella, Howard and Thompson,
Circuit Judges.

Raúl Castellanos-Malavé, with whom Development & Construction
Law Group, LLC was on brief, for appellant.
Freddie Pérez-González, with whom Freddie Pérez-González &
Assoc., P.S.C. was on brief, for appellee.

November 21, 2012

**HOWARD, <u>Circuit Judge</u>**.    Chapter 11 debtor Redondo Construction Corporation ("Redondo") brought an adversary proceeding against the Puerto Rico Highway and Transportation Authority ("Authority") in the United States Bankruptcy Court for the District of Puerto Rico, claiming amounts due for work performed on five construction projects.    Following a lengthy trial, the bankruptcy court awarded Redondo a total of nearly $10,250,000 in damages, plus interest at 6% per annum from the "payment due" date for each project.    The district court affirmed the judgment in all respects.    The crux of the Authority's claim before this court concerns the award of interest.

## I.   PROCEDURAL HISTORY

After filing a voluntary petition for bankruptcy protection under Chapter 11 of the Bankruptcy Code, Redondo commenced an adversary proceeding against the Authority to collect monies that the Authority allegedly owed Redondo for work performed on five construction projects.[1]    Redondo claimed that the Authority failed to compensate it for additional work Redondo had to perform on each project due to unanticipated problems, including unforeseen site conditions and flawed design plans.    The complaint was tried before the bankruptcy court.

---

[1] The five projects are:  Las Cumbres Avenue, Río Grande de Loíza Bridge, Ponce-Adjuntas PR-10, Kennedy Avenue, and Third Millennium Park.   Redondo initially made a claim for a sixth project but voluntarily dismissed the claim before trial.

In its post-trial brief, Redondo argued that it was entitled to prejudgment interest under Article 1061 of the Puerto Rico Civil Code as damages for contractual delay. See P.R. Laws Ann. tit. 31, § 3025. In the alternative, Redondo sought prejudgment interest under Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure on the basis of the Authority's alleged obstinacy in the course of the litigation. See P.R. Laws Ann. tit. 32, app. III, R. 44.3(b).

The bankruptcy court entered judgment in Redondo's favor and awarded interest on all damages at the rate of 6% per annum from the "payment due" date for each project.[2] In its summary of Redondo's claims, the court noted that Redondo sought interest for contractual delay pursuant to Article 1061. In awarding interest, however, the court quoted the language of Rule 44.3(b) and, without further reasoning, concluded that Redondo was entitled to the "current legal interest" of 6%.

The Authority challenged the bankruptcy court's decision in the district court, see 28 U.S.C. 158(a), arguing that the bankruptcy court erred in awarding Redondo damages on some of the claims and in assessing interest under Rule 44.3(b). The district

_____

[2] The bankruptcy court awarded interest from August 10, 2001 for the Las Cumbres Avenue, Río Grande de Loíza Bridge, and Ponce-Adjuntas PR-10 projects; from July 18, 1999 for the Kennedy Avenue project; and from December 3, 2000 for the Third Millennium Park project. In so doing, the court agreed with Redondo's expert that interest began to accrue thirty days after the date of final inspection for each project, when payment became due.

-3-

court affirmed the judgment in all respects, without elaborating its reasons for affirming the award of interest. This timely appeal followed.

## II. ANALYSIS

The Authority presents three claims of error. First, the Authority argues that, to the extent that the 6% interest award represents postjudgment interest, the rate instead should be 0.11% in accordance with 28 U.S.C. § 1961. Second, it argues that no prejudgment interest was owed because the court did not make a finding that the Authority had engaged in obstinate conduct in the course of the litigation, as Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure requires. Finally, it argues that the court erroneously awarded Redondo an excess amount for its patent and excise taxes claim for one project.

We review the bankruptcy court's findings of fact for clear error and its rulings of law de novo. In re Advanced Cellular Sys., Inc., 483 F.3d 7, 10 (1st Cir. 2007). In so doing, we provide "no particular deference" to the district court's conclusions. Id. (internal quotation marks omitted).

### A. Postjudgment Interest

The parties agree that 28 U.S.C. § 1961 governs any postjudgment interest award in this case. See Cummings v. Standard Register Co., 265 F.3d 56, 68 (1st Cir. 2001) (federal law governs postjudgment interest on a federal court judgment even in an action

otherwise governed by state law). Section 1961 provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court" and is to be calculated "from the date of the entry of the judgment" at a rate fixed in the statute. 28 U.S.C. § 1961; Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 835 (1990). Postjudgment interest is mandatory and the prevailing party is entitled to it even if the district court made no provision for its payment. Cordero v. De Jesus-Mendez, 922 F.2d 11, 15 (1st Cir. 1990).

The interest awarded in this case was not intended to be postjudgment interest. The judgment provides that interest at 6% per annum began to accrue from specified dates when the Authority was required to pay Redondo's claims for each project, well before the entry of judgment in Redondo's favor. Although the judgment does not specify the end date for the accrual of interest, there is nothing to suggest that it would extend beyond the date of entry of the judgment.

The issue of postjudgment interest nonetheless remains. The Authority deposited the amount of the judgment with the clerk of the district court on February 17, 2012, stalling the accrual of postjudgment interest as of that date. See Cordero, 922 F.2d at 18-19 (postjudgment interest ceases to accrue as of the date of deposit of funds with the court). Because the judgment had been entered on September 30, 2011, Redondo is entitled to postjudgment

-5-

interest for the period between the entry of judgment and the date of deposit. The Authority suggests that the amount that it deposited includes interest at a rate of 6% for that time period, rather than the lower statutory rate. Accordingly, we remand for assessment of postjudgment interest from September 30, 2011 to February 17, 2012 at the rate provided in Section 1961.

**B. Prejudgment Interest**

"When state-law claims (such as the contract claims at issue here) are adjudicated by a federal court, prejudgment interest is normally a matter of state law." In re Redondo Constr. Corp., 678 F.3d 115, 125 (1st Cir. 2012). Here, the law of Puerto Rico supplies the rule of decision concerning prejudgment interest. See id.

The bankruptcy court awarded Redondo prejudgment interest on all damages at the rate of 6% per annum from the payment due date for each project. The parties disagree whether the interest was assessed as a sanction under Rule 44.3(b) of the Puerto Rico Rules of Civil Procedure or as damages for contractual delay under Article 1061 of the Puerto Rico Civil Code. The Authority maintains that prejudgment interest was awarded pursuant to Rule 44.3(b) but erroneously so because the court failed to make the requisite finding that the Authority was obstinate in litigating the case. Redondo concedes that the lack of a finding of obstinacy precludes assessment of interest pursuant to Rule 44.3, but argues

that the court awarded interest pursuant to Article 1061, not pursuant to Rule 44.3.

Rule 44.3(b) provides for prejudgment interest at a specified rate when the court determines that the losing party was obstinate in the course of the litigation.[3] P.R. Laws Ann. tit. 32, app. III, R. 44.3(b); Dopp v. Pritzker, 38 F.3d 1239, 1252 (1st Cir. 1994). "A finding of obstinacy requires that the court determine a litigant to have been unreasonably adamant or stubbornly litigious, beyond the acceptable demands of the litigation, thereby wasting time and causing the court and the other litigants unnecessary expense and delay." Dopp, 38 F.3d at 1252 (internal quotation marks omitted). The bankruptcy court cited Rule 44.3(b) as the basis for the interest award. But the court made no finding of obstinacy, precluding the assessment of interest pursuant to Rule 44.3(b). See In re Redondo Constr. Corp., 678 F.3d at 126 (rejecting the argument that Rule 44.3(b) provided the basis for prejudgment interest award in a different adversary proceeding between the same parties "because the court made no finding regarding the Authority's temerity or obstinance").

To salvage the interest award, Redondo argues that the bankruptcy court did not mean what it said. Redondo maintains that

---

[3] Although the rule does not apply when the defendant is the Commonwealth of Puerto Rico or one of its agencies, the exemption does not extend to public corporations like the Authority. Rodriguez Cancel v. P.R. Elec. Power Auth., 16 P.R. Offic. Trans. 542 (1985).

the court in fact awarded interest for contractual delay pursuant to Article 1061 but instead cited to Rule 44.3(b) either in error or to indicate its inapplicability.[4] We cannot indulge such speculation. The bankruptcy court did acknowledge that one basis for Redondo's interest claim was Article 1061. Nothing in the opinion, however, indicates that the court awarded interest on this basis.

Nor can we determine from the record before us that Redondo is entitled to the prejudgment interest award pursuant to Article 1061.[5] Unless parties agree otherwise, when a contract obliges a party to pay a sum of money, Article 1061 provides for payment of interest "as an [] indemnity for damages, by way of penalty, for default in payment." Rivera v. Crescioni, 77 P.R. 43, 51 (1954); accord P.R. & Am. Ins. Co. v. Superior Court of P.R., 84 P.R. 597, 599 (1962). Default in payment occurs "as of the date in

---

[4] Redondo indeed goes further and explains the court's apparent blunder as "the result of [the judge's] time constraints in the drafting of his decision[.]" The judge retired on the day he issued the opinion.

[5] Captioned "Interest as indemnity for nonpayment of money," Article 1061 provides:
  Should the obligation consist in the payment of a sum of money, and the debtor should be in default, the indemnity for losses and damages, should there not be a stipulation to the contrary, shall consist in the payment of the interest agreed upon, and should there be no agreement, in that of the legal interest. Until another rate is fixed by the Government, interest at the rate of six percent (6%) per annum shall be considered as legal.
P.R. Laws Ann. tit. 31, § 3025.

which judicial or extrajudicial demand was made for [payment]." Widow of Vázquez v. Vázquez Cintrón, 85 P.R. 266, 268 (1962) (citing 31 P.R. Laws Ann. tit. 31, § 3017). We cannot determine when such demands were made in this case and whether they correspond to the dates that the bankruptcy court designated for the accrual of interest.

Because uncertainty surrounds the prejudgment interest award, we remand the case to the district court with instructions to vacate that award and return the case to the bankruptcy court for a determination of whether an award of prejudgment interest is appropriate, and, if so, the basis for the award, the applicable rate of interest, and the period of accrual. We take no view as to the outcome of this further inquiry.

## C. **Revised Amount for One Claim**

The Authority's final claim is that the court erroneously awarded Redondo an excess amount for its patent and excise taxes claim for the Ponce-Adjuntas PR-10 project. Specifically, the court awarded a sum of $1,082,654.56 for the claim despite the fact that Redondo revised the amount to $818,302 at trial and presented evidence only as to that amount. Reducing the amount for this claim requires further modification of the judgment because Redondo was awarded 15% profit on all its successful claims. Redondo concedes the error and consents to the modification of the judgment

as requested by the Authority.  Accordingly, we remand for entry of a revised partial judgment bearing such modifications.

### III.  CONCLUSION

We **<u>vacate</u>** the district court's judgment to the extent necessary to allow for resolution of the aforementioned issues and **<u>remand</u>** the case for further proceedings consistent with this opinion.  The parties shall bear their own costs of this appeal.