**Not for Publication in West's Federal Reporter**

# United States Court of Appeals

## For the First Circuit

No. 15-1817

IN RE REDONDO CONSTRUCTION CORPORATION,

Debtor.

REDONDO CONSTRUCTION CORPORATION,

Claimant, Appellee,

v.

PUERTO RICO HIGHWAY AND TRANSPORTATION AUTHORITY,

Respondent, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]
[Hon. Enrique S. Lamoutte, U.S. Bankruptcy Judge]

Before

Lynch, Selya and Lipez,
Circuit Judges.

    Héctor Benítez Arraiza and Quiñones & Arbona, P.S.C. on brief for appellant.
    Freddie Pérez-González and Freddie Pérez-González & Assoc., P.S.C. on brief for appellee.

March 30, 2016

**Per Curiam.** This is the latest in a seemingly endless stream of appeals arising out of litigation between a contractor, Redondo Construction Corporation (Redondo), and the Puerto Rico Highway and Transportation Authority (the Authority). The sole remaining issue in this appeal involves the accrual date for the commencement of prejudgment interest under Article 1061 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 3025. That issue, however, has now been definitively resolved in a separate appeal involving the same parties. See P.R. Highway & Transp. Auth. v. Redondo Constr. Corp. (In re Redondo Constr. Corp.), ___ F.3d ___, ___ (1st Cir. 2016) [No. 15-1397, slip op. at 13-15]. That case held — as did the district court in this case — that the accrual date was determined by the date of substantial completion of a particular contract. See id. at ___ [slip op. at 15]. Because this ruling is directly on point, it is dispositive here. See United States v. Wogan, 938 F.2d 1446, 1449 (1st Cir. 1991) ("We have held, time and again, that in a multi-panel circuit, prior panel decisions are binding upon newly constituted panels in the absence of supervening authority sufficient to warrant disregard of established precedent.").

The Authority claims that our decision in this case is controlled instead by language in one of our earlier opinions. See Redondo Constr. Corp. v. P.R. Highway & Transp. Auth. (In re Redondo Constr. Corp.), 700 F.3d 39, 43 (1st Cir. 2012). That

- 3 -

language does not salvage the Authority's claim and, in all events, it is dictum.  It is apodictic that dictum, unlike a holding, does not bind a future panel.  See Dedham Water Co. v. Cumberland Farms Dairy, Inc., 972 F.2d 453, 459 (1st Cir. 1992) ("Dictum constitutes neither the law of the case nor the stuff of binding precedent").

We need go no further.  For the reasons elucidated above, the judgment of the district court is summarily

**Affirmed.**  See 1st Cir. R. 27.0(c).